In re Colleen Marie BECKER, Debtor.

Lynus BECKER, Plaintiff,

v.

Colleen Marie BECKER, Defendant.

Bankruptcy No. 95–50041.
Adv. No. 95–5009.

United States Bankruptcy Court,
W.D. Missouri.

Aug. 2, 1995.

Jere Loyd, St. Joseph, MO, for plaintiff.

Steven K. Bogler, Kansas City, MO, for defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Plaintiff Lynus Becker asks this Court to find that a joint obligation assigned to debtor/defendant Colleen Marie Becker ("debtor") in the parties' divorce is nondischargeable pursuant to 11 U.S.C. § 523(a)(15). Additionally, plaintiff asks this court to find that he has a right to setoff as to certain funds held in escrow for debtor. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I find that the debt is dischargeable, and that the claim of a right to setoff cannot be determined until the trustee is made a party.

### FACTUAL BACKGROUND

Lynus and Colleen Becker were married on August 24, 1974, separated on December 27, 1992, and divorced on February 11, 1993. They have three children who reside with Lynus Becker by agreement of the parties. Debtor is a self-employed marriage counselor earning $3,000.00 to $3,500.00 a month. Plaintiff is currently working on a riverboat casino earning approximately $2000.00 a month. He has worked in the past as a private investigator. He also owns and manages Easement Park Investment Group, Ltd. ("Easement Park"). Easement Park owns rental properties and currently has assets valued at $200,000.00, and liabilities of approximately $100,000.00.

Prior to the entry of the Decree of Dissolution of Marriage (the "Decree") the parties executed a Contract for Divorce (the "Contract") which essentially divided all their marital property. The Decree and Property Settlement Agreement essentially mirrors the agreement reflected in the Contract. The division of property set forth in both the Contract and the Decree is as follows:

1. Colleen is to indemnify plaintiff, and hold plaintiff harmless with respect to $78,457.00 in personal debt including the mortgage payment on the marital home;

2. Colleen is to pay Lynus $756.00 in child support for the three children;

3. Lynus is to continue living in the marital home with the three children until such time as the house is sold. When the house is sold, Colleen is to receive forty percent of the equity and Lynus is to receive sixty percent of the equity;

4. Colleen is to relinquish all of her shares of stock and Lynus is to assume all corporate debt of Easement Park; at the time any assets of Easement Park are sold, Colleen is to receive thirty percent of the equity and Lynus is to receive seventy percent of the equity after all costs of the sale are deducted;

5. Colleen is to receive 100% of the income, accounts receivable, assets and benefits from her counseling practice; and

6. Lynus is to receive 100% of the income and accounts receivable related to Easement Park.

Initially, Colleen made payments directly to Lynus on the debts she had assumed and Lynus paid the creditors. Colleen ceased making payments to Lynus in June of 1994. At that time the debt had been reduced from $78,457.00 to $55,936.35. Debtor filed for Chapter 7 bankruptcy relief on February 1, 1995.

Lynus testified that he began liquidating some of the assets of Easement Park when Colleen defaulted on the personal debt in order to continue making the payments on said debt. Pursuant to the terms of the Decree and Contract, Colleen is to receive thirty percent of any equity derived from the sale of Easement Park's assets. In lieu of turning over to Colleen funds representing the thirty percent equity share, Lynus has established an escrow account at Mercantile Bank which contains $10,146.33. Additionally, Lynus possesses approximately $200.00 not yet deposited in such account.

Lynus claims that Colleen's indemnification as to the personal debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(15). There is no dispute that Lynus has made payments in an undisclosed amount on the marital debt assigned to Colleen in the parties' property settlement agreement. Lynus further claims that he should be allowed to

set off the amount he has paid on the personal debt since July of 1994 against the escrow account, and he should be able to continue to set off any payments made to reduce the personal debt against Colleen's thirty percent equity share in any subsequent liquidation of the assets of Easement Park. Thus, there are two issues presented in this case. First, whether Colleen's agreement to indemnify and hold plaintiff harmless with respect to the personal debt creates a nondischargeable obligation as to plaintiff, and second, whether the escrowed funds are subject to setoff pursuant to 11 U.S.C. § 553.

## DISCUSSION

I note initially that debtor did not list her equity interest in Easement Park on her bankruptcy schedules. Colleen claims she did not list the equity because the Decree does not require Lynus to liquidate any property, and Lynus told her that he would never sell either the marital home or the Easement Park property. I also note that the Chapter 7 trustee was not made a party to this adversary proceeding. The escrowed funds are now property of the estate and there can be no disposition of said funds unless and until the trustee is made a party. However, the dispositive issue is whether the indemnification created a dischargeable debt. Plaintiff alleged in the Complaint that the debt is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), 523(a)(5), and 523(a)(15)(A) and (B). The only evidence offered, however, related to section 523(a)(15).

Section 523(a)(15) was added to the Bankruptcy Code (the "Code") in the Bankruptcy Reform Act of 1994. There are few published cases and no appellate decisions which define the breadth of the section. *Comisky v. Comisky (In re Comisky)*, 183 B.R. 883, 883 (Bankr.N.D.Cal.1995). Further, there is no legislative history to guide the Court, thus, I am left with the plain language of the Code section. Section 523(a)(15) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15). By its language, section 523(a)(15) sets up a rebuttable presumption that any property settlement obligation arising from a divorce is nondischargeable unless the debtor can prove one of two things.[1] Thus, once a former spouse brings a timely dischargeability action under section 523(a)(15) the burden of proof shifts to the debtor, to prove one of two things. First, she could demonstrate an inability to pay the debt from income or property while supporting herself and her dependents or continuing, preserving, or operating a business. At the hearing in this case, Colleen testified that her gross income from her private counseling practice is $3,000.00 to $3,500.00 per month. Her testimony and bankruptcy schedules reflect that her expenses exceed her income. She received no ownership interest in the marital home following the divorce, yet she was required to make the mortgage pay-

---

1. The parties do not dispute that the assignment of the personal debt and the indemnification was executed as part of the property settlement.

ments. She was assigned all the other personal debt. Pl. Exh. # 1. The monthly payments on the personal debt totaled over $2,000.00 a month, and she was required to pay $756.00 a month in child support. She stated that her financial situation has not improved since the divorce, and her income has decreased since the filing of her bankruptcy petition. She claims she was able to make the payments until June of 1994 by using newly acquired credit cards. I note that her bankruptcy schedules reflect unsecured debt of approximately $69,225.00 and $53,625.00 of said debt is credit card debt incurred in 1994. Bankruptcy Schedule F. Debtor is entitled to forty percent of the equity in the marital home and thirty percent of the equity in Easement Park. While there is some disagreement as to the value of Easement Park's assets, it seems at a minimum that the property has a fair market value of $200,000.00 and liens of approximately $100,000.00. Debtor's schedules indicate that the marital home has a fair market value of $40,000.00 with a mortgage of $31,875.00. Realizing the equity in Easement Park would enable Debtor to substantially reduce her obligations under the indemnification agreement. Debtor, however, has no leverage, pursuant to the Decree, to force a sale of any real estate. Debtor, therefore, sufficiently demonstrated to the Court that she is unable to pay the personal debt which was assigned to her at the time of the divorce. 11 U.S.C. § 523(a)(15)(A).

The second prong requires the debtor to present sufficient evidence to convince the Court that, on balance, the debt should be discharged. Pursuant to section 523(a)(15)(B), debtor must prove that discharging the debt would result in a benefit to the debtor which outweighs the detrimental consequences to the former spouse. If Colleen discharges the remaining joint personal debt, Lynus will be responsible for the obligations. Further, Lynus will have no cause of action against Colleen pursuant to the indemnification agreement. However, Lynus testified that he has a job now which pays him approximately $2,000.00 a month. He owns 100% of Easement Park and chooses to reinvest the income rather than draw a salary for his labor. Lynus testified that he and Colleen determined during their marriage that Colleen had the better education and greater earning potential. Therefore, he cared for the children and managed the rental property. While there is some dispute over whether Lynus was employed at the time of the divorce, it is clear that he is employed at this time. Section 523(a)(15) is concerned with the relative positions of the parties at the time of the bankruptcy, not at the time of the divorce. See 11 U.S.C. § 523(a)(15). Colleen convinced the Court that at this time Lynus will receive less detriment than debtor receives a benefit if Colleen's obligation to indemnify Lynus as to the personal debt is discharged. This is especially true given the fact that Lynus has control of sufficient assets to satisfy the underlying debt, and he continues to reside in the marital home. I, therefore, find that the indemnification and hold harmless obligation is dischargeable in debtor's Chapter 7 bankruptcy.

■ Plaintiff also seeks to set off any past and future sums he pays on this obligation against Colleen's thirty percent equity share in the assets of Easement Park. However, as I announced during the hearing, debtor's right to thirty percent of the equity in the assets of Easement Park would appear to be property of the bankruptcy estate, even though not listed in the schedules filed by debtor. 11 U.S.C. § 541(a)(1). The Chapter 7 trustee is the representative of the estate. 11 U.S.C. § 323(a). The trustee, therefore, is a necessary party to any determination regarding plaintiff's right of setoff. Fed. R.Bankr.P. 7019; Fed.R.Civ.P. 19(a).

Plaintiff's claim of a right to setoff will be dismissed without prejudice for failure to name a necessary party. The debtor should amend her schedules within fifteen days to list assets awarded by the Circuit Court of Platte County, Missouri. The Clerk of Court shall reopen the case for that purpose. Within thirty days after the amended schedules are filed, the trustee should either abandon his interest in the real estate assets assigned to debtor by the Circuit Court of Platte County, Missouri, or he should file an appropriate action with respect to such as-

sets, naming both Colleen Becker and Lynus Becker as parties.

An Order in accordance with this Memorandum Opinion will be entered this date.