In re Brenda Louise SILVERS, Debtor.

Ralph E. SILVERS, Plaintiff,

v.

Brenda Louise SILVERS, Defendant.

Bankruptcy No. 95–20184.
Adv. No. 95–2014.

United States Bankruptcy Court,
W.D. Missouri,
Central Division.

Sept. 25, 1995.

Joel P. Kidwell, Columbia, MO, for Plaintiff.

Fred Dannov, Columbia, MO, for Debtor/Defendant.

## ORDER

FRANK W. KOGER, Chief Judge.

Brenda Louise Silvers, herein Debtor, filed a petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978. Among the creditors listed was her former spouse, Ralph Silvers. Her former spouse filed this adversary action to seek determination that the debts owed by Debtor to him, as a result of a decree of dissolution entered by the state court, were nondischargeable under 11 U.S.C. § 523(a)(15). After discovery the case was heard on September 12, 1995.

This is the first 523(a)(15) case which the Court has heard and it certainly demonstrated all of the problems that this author and other commentators have voiced concerning the adoption of section 523(a)(15). The problem with that section is that it requires bankruptcy courts to revisit, in excruciating detail, the anger, the bitterness, and the pain which the Debtor and the Debtor's former spouse have felt and now feel. In the instant case, one could almost see the old wounds being reopened and new and more expensive scars being inflicted upon both parties.

The real problem here is that it would appear to the Court that both of the parties, the Debtor and her ex-spouse, are good people. However, the divorce, as is so often the case, put them into an economic impossibility. Where there was probably just barely enough money by virtue of the ex-spouse's income and the Debtor's income to maintain

their modest lifestyle, the added burden of two households, two sets of utilities and all the other costs incumbent upon separate domiciles has made it impossible for either one of them to maintain any effective or appropriate lifestyle. The ex-spouse has been, and is, paying the child support decreed by the state court. The ex-spouse is continuing to maintain health and hospitalization, dental and optometric coverage on the minor children of the marriage. However, it is clear from the ex-spouse's schedule of income and expenses that picking up the payments for the van which was signed for by both parties and awarded to the Debtor in the dissolution along with the ongoing liability for payment, makes it impossible for the ex-spouse to pay all of the other items which he is liable for. Likewise, declaring the van debt nondischargeable as to the debtor creates a situation where the Debtor would find it impossible to pay all of her bills. Frankly the only good decision the Court can conjure up is for the ex-spouse to file a petition for relief under Chapter 7 also.

The Court apprehends that the ex-spouse may be concerned that such a filing on his part would be frowned upon by his employer. Therefore, the Court directs counsel for the ex-spouse to at least inform him of the provisions of 11 U.S.C. § 525(a) and (b). That said, the Court must determine that to do with the facts presented.

11 U.S.C. § 523(a)(15) provides that:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(a)(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

■ This section in addition to the problems mentioned heretofore creates some procedural problems. It is black letter law that a party seeking to avoid dischargeability of a claim has the burden of persuasion to overcome the presumption of the award of a fresh start. However, the wording of section 523(a)(15) suggests that at least the burden of going forward is somewhat of a shifting one depending on the time line wherein the adversary action is found. Like Judge Federman in his well reasoned case of *In re Becker*, 185 B.R. 567 (Bankr.W.D.Mo.1995), it appears to this Court that the first step in this dance consists of the creditor-plaintiff showing that said party possesses a claim for an award made in a dissolution proceeding that does not conform to the requirements of 11 U.S.C. § 523(a)(5). Once this has occurred it seems to this Court, somewhat similar but somewhat unlike the decision in *Becker* by Judge Federman, that the burden of going forward, not the burden of proof, shifts to the debtor. At that point the debtor can do one of two things to satisfy the burden of going forward with the evidence. First debtor can demonstrate an inability to pay the debt from income or property while supporting debtor and/or her dependents. As a corollary if debtor is engaged in business debtor can show that she needs all of the income and assets to continue or preserve or operate the business.

The second option debtor has is to show the Court that "on balance" the debtor should be discharged because discharging the debt would result in a benefit to the debtor which outweighs the detrimental consequences to the former spouse.

Likewise as Judge Federman has opined, this is probably an all or nothing situation. Some judges have ruled that the debts can be split and apportioned between the debtor and the ex-spouse. *In re Comisky*, 183 B.R. 883 (Bankr.N.D.Cal.1995).

In this instant case, debtor clearly showed that she did not have the property or income sufficient to pay the obligations which she sought to discharge and which she had agreed to indemnify her ex-spouse from payment. Debtor did not establish that there would be a greater detriment to her than to her ex-spouse. However, this is an issue which provides for both alternatives and the debtor need show only one. The problem this Court has is simply determining upon whom the burden falls. Here we have two equally good people with equal inability to pay. Since debtor has sustained her burden of going forward and demonstrated her inability to pay the disputed bills from income or property which is not reasonably necessary for the support of debtor and the minor children, she must prevail in this adversary action. I suppose that the only redeeming factor here is that now that the decision is made, the former spouse can discharge these obligations the same way the debtor did.

Accordingly, the petition of the complainant for nondischargeability under 11 U.S.C. § 523(a)(15) is DENIED.

So ordered.