In re Hiram Jimmy CARTER, Debtor.

Sylvia Darlene CARTER, Plaintiff,

v.

Hiram Jimmy CARTER, Defendant.

Bankruptcy No. 95–379–BKC–3P7.
Adv. No. 95–131.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 17, 1995.

Anne Payne, Jacksonville, Florida, for Plaintiff.

Carl Jackson Moore, Jacksonville, Florida, for Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court upon Plaintiff's objection to discharge pursuant to 11 U.S.C. § 523(a)(15). Upon evidence presented at trial on September 5, 1995, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Sylvia Darlene Carter (Plaintiff) and Hiram Jimmy Carter (Defendant) dissolved their five year marriage. In the Final Judgment of Dissolution of Marriage dated April 6, 1994, plaintiff was awarded the sum of $12,000.00 as a part of an equitable distribution of marital properties.

2. Defendant listed the $12,000.00 debt on his schedules. At the time of filing the petition, defendant earned approximately $900.00 per month as a truck driver, and defendant's normal monthly expenses were $960.00. Defendant's new wife also works and contributes to paying the monthly expenses. The only major property interest owned by defendant is a mobile home where he and his family reside.

3. At the time of the trial, defendant had changed jobs, but his earnings and expenses remained essentially the same.

4. Plaintiff is unmarried, employed and earns sufficient income to meet her monthly obligations.

### CONCLUSIONS OF LAW

Plaintiff contends that defendant's discharge should be denied pursuant to 11

U.S.C. § 523(a)(15) which provides, in pertinent part, that:

(a) A discharge ... does not discharge any individual debtor from any debt—

(15) ... that is incurred by the debtor in the court of divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of the such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequence to a spouse, former spouse or child of debtor

. . . .

11 U.S.C. § 523(a)(15) (1995).

The language of 523(a)(15)(A) restricts the determination of the ability to pay solely to the income of the debtor. It is not enhanced by inquiring into the financial circumstances of the defendant's current spouse. Under the facts of this case, the defendant clearly does not have the ability to pay the debt. The defendant's debt is therefore dischargeable.

Under subsection 523(a)(15)(B), defendant's debt is also dischargeable. The plaintiff has not demonstrated to the Court that the benefit to the debtor outweighs the detrimental consequences to her. Thus, the benefit to the debtor of not paying the $12,-000.00 does not outweigh the detrimental consequences to the spouse of not receiving the monies owed.

## CONCLUSION

Plaintiff's objection to discharge pursuant to 523(a)(15) is overruled, and defendant's discharge is granted. The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.

## JUDGMENT OVERRULING PLAINTIFF'S OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(15)

This adversary proceeding came before the Court upon Sylvia Darlene Carter's objection to discharge pursuant to 11 U.S.C. § 523(a)(15). Upon evidence presented at trial, it is,

**ORDERED:**

1. Judgment is entered in favor of Defendant Hiram Jimmy Carter.

2. Pursuant to section 523(a)(15), plaintiff's objection to discharge is overruled.

3. Defendant's obligation to pay $12,-000.00 as set forth in: (a) Final Judgment Dissolving Marriage, and (b) Order Modifying Order of March 29, 1994 and Final Judgment of April 6, 1994, case number 93–8020FD–53, in Circuit Court, Seventh Judicial Circuit, in and for Putnam County, Florida, is discharged.