**In re Michael Allen ANTHONY, Debtor.**

**Danielle R. ANTHONY, Plaintiff,**

v.

**Michael Allen ANTHONY, Defendant.**

**Bankruptcy No. 94–07114–BGC–7. Adv. No. 95–00022.**

United States Bankruptcy Court, N.D. Alabama, Southern Division.

Oct. 27, 1995.

Bradford Botes, Birmingham, Alabama, for Defendant–Debtor.

Bruce Burttram, Birmingham, Alabama, for Plaintiff.

## ORDER DENYING DEBTOR'S MOTION TO ALTER OR AMEND JUDGEMENT

BENJAMIN COHEN, Bankruptcy Judge.

This matter is before the Court on a *Motion to Alter or Amend Judgement* filed by the Defendant–Debtor. The order subject to the motion followed a trial on a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(15). The order was entered on September 29, 1995 along with a memorandum opinion finding that a debt of the Debtor to his former wife was not dischargeable. The motion requesting the Court to alter its judgment was filed on October 10, 1995, the 11th day following the entry of this Court's order; however, the motion was timely filed due to the Court's observance of Columbus Day on October 9, 1995.

A debt may be discharged under Section 523(a)(15) if either of two conditions exist. If under Section 523(a)(15)(A) a debtor does not have the ability to pay a certain debt or if under 523(a)(15)(B) the benefit to a debtor from a discharge of a that debt outweighs the detrimental consequences to a non-debtor spouse, the debt captured by section 523 should be discharged. This Court found that the debt subject to this matter was not dischargeable. The Court concluded not only that the Debtor had the ability to pay the debt but also concluded that the benefit to the Debtor of a discharge of the debt did not outweigh the harm that would be imposed on the Debtor's former wife if the debt was not discharged. The Debtor contends the Court's conclusions are inconsistent with the Court's findings of fact. The Debtor specifically contends first that the conclusion that the Debtor's expenses are less than his income is contradicted by the facts, facts that demonstrate that the Debtor does not have the ability to pay the debt, and second that his former wife, because she will receive a distribution from her grandmother's estate, will not suffer detrimental consequences that outweigh the benefit to the Debtor if the debt is discharged.[1]

---

1. Note 7 to the Court's memorandum opinion, 190 B.R. 433, entered on September 29, 1995 read in part:

   While section 523(a)(15) is new, this Court speculates that the facts of this case will be significantly different from the many other cases that will be decided under this section. Few people inherit, at the time of a divorce or separation, the amount of money Ms. Anthony received. Congressional policy favors the non-

### Section 523(a)(15)(A)

██ The evidence before the Court, as presented by the Debtor in his bankruptcy petition, was that the Debtor's total monthly expenses are $1,520.00 and that his net monthly income is $1,516.66. Subtracting expenses from income yields a negative expense amount of $3.34. In response to this evidence, the Debtor's motion criticizes the Court's opinion which reads "[the Debtor's] expenses must be less than his income." The motion suggests that the conclusion is contrary to the above facts.

While this Court could not, and of course did not, ignore the mathematical reality that the $1,520.00 representing expenses is greater than the $1,516.66 representing income, the Court said:

> Although Mr. Anthony estimates his monthly expenses as $1,520.00, and testified that since the divorce his income has declined due to the loss of a second job, his expenses must be less than his income. He lives with his mother. He does not have a current car payment. He does not have any dependents other than his son, whose child support has already been deducted from the Debtor's gross income. He will soon pay all he owes in delinquent child support which will result in an income increase of approximately $100.00 per month. Considering the facts, the only conclusion this Court can reach is that the Debtor has the ability to pay these debts, or a portion of these debts from income or property not reasonably necessary to be expended for the maintenance or support of himself or his son.

Memorandum Opinion at 439 (footnote omitted).

The evidence before the Court in the form of the Debtor's testimony supports the

dischargeability of the debts in this proceeding. The legislative history of section 523(a)(15) explains that the divorce agreement entered into by these parties is exactly the type Congress wanted to capture in this subsection. There is no alimony. The Debtor was to hold Ms. Anthony harmless for future payments on a mortgage debt. Surely Congress did not envision a situation similar to the one before this Court when it decided to allow for the discharge of debts where the debtor spouse could demonstrate financial circumstances worst than those

above. The Debtor testified that he no longer owns an automobile and that he no longer makes a payment for an automobile. In contrast to that testimony, the Debtor included a $150.00 per month automobile installment payment on his petition. That payment was of course, included in the Debtor's estimated $1,520.00 of total expenses.

Further evidence before the Court in the form of the Debtor's testimony was that as of May 1994 the Debtor owed approximately $1,100.00 in back child support payments. The Debtor testified that approximately $100.00 was deducted monthly from his wages and paid directly to reduce the back child support amount. That $100.00 was, as the Debtor testified, one of the deductions from his monthly $2,600.00 gross income that reduced his monthly income to a net $1,516.66. This Court must conclude that if the Debtor owed only $1,100.00 as of May 1994 and has paid $100.00 for each of the 12 months following May 1994, that the balance due on the back child support payments would be zero. The Debtor's testimony that the balance was to be paid soon supports this conclusion.

Considering the Debtor's income and his expenses, and taking a conservative view, at a minimum the Debtor's income has increased, from the $1,516.66 amount he used to compare to his $1,520.00 expenses, by a net $100.00 per month due to the elimination of the back child support deduction. Equally significant is that the Debtor's expenses of $1,520.00 were reduced by $150.00 because of the elimination of his car payment. The net effect to the Debtor is a gain of $250.00 per month in disposable income, which if applied to the $8,179.50 debt subject to this controversy would pay that debt in full in 32 to 33 months.[2] The fact that the Debtor's estimat-

of a non-debtor spouse. But given these facts and the congressional approach created in section 523(a)(15)(B), a court could find that a purely legal result would be that the debts in this proceeding should be discharged.
Memorandum Opinion at 439, n. 7 (September 29, 1995).

2. The Court has not questioned the Debtor's other expenses. While none appear to be extraordinary in quality, the Debtor's estimation of cost of maintaining a home was not explained. As the

ed expenses of $1,520.00 mathematically exceeds his estimated income of $1,516.66, does not prevent this Court from concluding the Debtor's "expenses must be less than his income."

As to the Debtor's motion in regards to Section 523(a)(15)(A) this Court finds that the motion is due to be denied.

## B. Section 523(A)(15)(B)

■■■ The Debtor contends that if his former wife is required to pay the subject debt that she will not suffer detrimental consequences that outweigh the benefit to him if the debt is discharged. The Debtor relies on the fact that his former wife has inherited $42,000 from her grandmother and will inherit $31,000 more. The Debtor concludes that his former wife is in a better financial condition than he and that she has the ability to pay the debt. This Court considered the factors that Congress suggested should be considered to balance the equities of this case. This Court found:

> Neither appears to be in dire financial straights, the Debtor because of his chapter 7 bankruptcy and Ms. Anthony because of her inheritance. Neither leads a luxurious lifestyle and neither seems to have any extraordinary debts. Their post-bankruptcy obligations seem to be similar. The difference will of course be which party is obligated for the mobile home debt.

> Considering the facts, the Court finds that the Debtor failed in his burden to prove that the benefit to him outweighed the detrimental consequences to Ms. An-

thony. While the Debtor's discharge is a significant benefit, in this case it simply does not outweigh the harm to Ms. Anthony. The statute requires that the benefit "outweigh" the harm. In considering this test in the context of this case, the facts demonstrate that the scales, if not in Ms. Anthony's favor, are equally balanced.

Memorandum Opinion at 440 (footnote omitted).

Section 523(a)(15) presumes that a debt is not dischargeable and although the non-debtor spouse brings this complaint, the burden under Section 523(a)(15) is on the Debtor to overcome that presumption and prove that either subsections (A) or (B) apply and that the debt is dischargeable.[3] It is this burden the Debtor failed to carry. The Debtor has already received a significant benefit from the filing of his chapter 7 bankruptcy case. He has discharged all of his unsecured debt. His fresh start, although diminished some by this Court's decision on the dischargeability of the subject debt, is nonetheless something he can build on. Under Section 523(a)(15)(B) the "benefit" to a debtor that this Court must consider in comparing that benefit to the harm to a non-debtor spouse, is the benefit to a debtor of the discharge of the subject debt, not a debtor's discharge of all other debts.[4]

■■ The Debtor's net monthly income exceeds Ms. Anthony's income by almost $500.00 per month. For the 32 to 33 month period over which the Debtor could pay the $8,179.50 debt in this case, that amount would total over $16,000.00. While Ms. An-

---

Debtor lives with his mother, such an explanation would be relevant.

3. Debts under Section 523(a)(15) are *not* dischargeable *unless* one of the two exceptions apply. Most courts reporting decisions on the subject agree that it is the debtor's burden to prove one of the exemptions. *In re Hill,* 184 B.R. 750, 754 (Bankr.N.D.Ill.1995); *In re Phillips,* 187 B.R. 363, 372–73 (Bankr.M.D.Fla.1995); *In re Carroll,* 187 B.R. 197, 200 (Bankr.S.D.Ohio 1995) ("it would be anomalous to place the burden ... on the Plaintiff as there would be no motivation for the Plaintiff to meet that burden."). *In re Becker,* 185 B.R. 567, 569 (Bankr.W.D.Mo.1995). One court reports in *In re Butler,* 186 B.R. 371 (Bankr.D.Vt.1995) that the burden is clearly on the non-debtor spouse. Another agrees. *In re Woodworth,* 187 B.R. 174, 177

(Bankr.N.D.Ohio 1995). One court reports that there was burden on both. *In re Silvers,* 187 B.R. 648 (Bankr.W.D.Mo.1995). This Court agrees with *In re Carroll.* Why would a non-debtor spouse have any interest whatsoever in proving that the debtor did not have the ability to pay the debt or that the debtor's benefit was greater. And to suggest that a non-debtor spouse would have to prove the negative of either subsection 523(a)(15)(A) or 523(a)(15)(B) would be completely opposite to the language of the subsection and the expressed intent of Congress. But even if the non-debtor spouse has the burden, the facts of this case do not demonstrate that the benefit to the Debtor outweighs the harm to his former wife.

4. The plaintiff did not ask the Court to deny the Debtor a discharge under 11 U.S.C. § 727.

thony has inherited a sizeable sum from her grandmother and will inherit more, Ms. Anthony is not required to prove that the Debtor should pay the debt.[5] The test is not which party is in the better position to pay the debt. The test is whether the benefit to the Debtor outweighs the harm to Ms. Anthony. The Court considered the factors Congress suggested should be considered. The conclusions drawn from that consideration do not weigh in the Debtor's favor.

As to the Debtor's motion in regards to Section 523(a)(15)(B) this Court finds that the motion is due to be denied.

## Conclusion

If necessary to an understanding of this Court's September 29, 1995 Memorandum Opinion and Order, this Court adopts the above as findings of fact and conclusions of law along with its previous Opinion and Order and finds that the Debtor's Motion to Alter or Amend Judgement is due to be denied.

It is therefore **ORDERED, ADJUDGED AND DECREED** that the *Motion to Alter or Amend Judgement* is hereby **DENIED.**

---

[5] Ms. Anthony is not a debtor in this Court. Her inheritance is not subject to 11 U.S.C. § 541(a)(5)(A) which determines when an inheritance is property of a bankruptcy estate. Her inheritance is just one piece of the financial puzzle this Court must consider in balancing the equities of the Debtor's benefit against the detrimental consequences to Ms. Anthony. Her inheritance is not the determining factor. The money inherited by Ms. Anthony represents an opportunity for a fresh start for her and her child. It is not a lavish amount, relative to the anticipated cost of raising and educating her child and providing for her own welfare, especially considering the modest earnings she receives each month. Absent a clear and unambiguous mandate from Congress, the Court is unwilling to interpret Section 523(a)(15)(B) in a manner that would diminish Ms. Anthony's nest egg, afforded to her through the foresight of her grandmother. Such an interpretation would cause her detrimental consequences that would outweigh the benefit to Mr. Anthony if he is allowed to discharge the debt. Ms. Anthony testified that she does not have sufficient current income to pay her existing home mortgage debt and the subject debt and the Court found earlier that it appeared that Ms. Anthony would not have sufficient income to meet current obligations if she is required to pay the subject debt.