In re Kim Ellen **GANTZ**, Debtor.

Donald **GANTZ**, Plaintiff,

v.

Kim Ellen **GANTZ**, Defendant.

Bankruptcy No. 95 B 50139.
Adversary No. 95 A 5058.

United States Bankruptcy Court,
N.D. Illinois,
Western Division.

March 7, 1996.

David F. Black, Belvidere, IL, for Kim Ellen Gantz.

Paul S. Godlewski, Rockford, IL, for Donald Gantz.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter came before the Court for hearing on February 20, 1996, on the Motion of the Debtor–Defendant, Kim Ellen Gantz, n/k/a Kim Ellen Peters, to Establish the Relevancy of Evidence and Burden of Proof ("Motion"). This Motion relates to the Plaintiff's Complaint to Determine Dischargeability of Debt Under Section 11 U.S.C. 523(a)(15). Ms. Gantz is represented by Attorney David F. Black. The Plaintiff, Donald Gantz, is represented by Attorney Paul S. Godlewski.

## ISSUE

The issues brought to light by the Debtor's Motion and oral arguments are three-fold:

1) What point in time should the Court use to measure the parties' relative positions under Section 523(a)(15)?

2) Who carries the burden of proof under Section 523(a)(15)?

3) Whether the income of the Debtor's new spouse should be considered.

## DISCUSSION

Section 523(a)(15) provides that:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to

a spouse, former spouse, or child of the debtor[.]

11 U.S.C. § 523(a)(15).

### 1. *Measuring point for purposes of Section 523(a)(15)*

■ As *In re Taylor,* 191 B.R. 760, 764–65 (Bankr.N.D.Ill.1996), recognizes, no rule exists to "pinpoint the time when determinations are to be made under Section 523(a)(15)." In *In re Hill,* 184 B.R. 750, 754 (Bankr.N.D.Ill.1995), this Court found that the measuring point used for cases brought under Section 523(a)(5), differed from those brought under Section 523(a)(15).[1] The *Hill* court indicated, without any discussion or explanation, that the filing date of the complaint was the appropriate measuring point for cases under Section 523(a)(15). *Id.* In *Hill,* however, the issue of timing was never raised and had no bearing on the outcome.

Since this Court decided *Hill,* several other courts have had the opportunity to visit the issue with varied results. At least three of them summarily addressed the issue by stating that Section 523(a)(15) concerns the relative positions of the parties as of the date of the filing of the bankruptcy, not as of the date of the divorce decree. *See In re Carroll,* 187 B.R. 197, 200 (Bankr.S.D.Ohio 1995); *In re Becker,* 185 B.R. 567, 570 (Bankr. W.D.Mo.1995); *see also In re Anthony,* 190 B.R. 433, 438 (Bankr.N.D.Ala.1995) (examined the facts as they existed on the date the bankruptcy petition was filed).[2]

At the other end of the spectrum, two courts found it appropriate to examine the position of the parties at the time of trial. *See In re Owens,* 191 B.R. 669, 674–75 (Bankr.E.D.Ky.1996) (time of trial is appropriate time to measure debtor's ability to pay); *In re Hesson,* 190 B.R. 229, 238 (Bankr.D.Md.1995). The rationale behind using the trial date as the measuring point is that many events can impact on a debtor's life between the filing of a case and the trial.

These events may have a bearing on whether the debt should be dischargeable.

> [E]ither party might have sustained a disabling injury or may have won the lottery, or have experienced a substantial change in earnings. Post-filing events could easily affect either debtor's ability to pay the debt or the balance between the debtor's benefit from discharge and the detrimental consequences of discharge to the recipient. Use of a time substantially before the trial date could produce a silly result that mocks congressional intent.

*Hesson,* 190 B.R. at 238.

The *Taylor* court does not make a specific finding as to the appropriate measuring date. Nevertheless, the court found the "more appropriate construction of Section 523(a)(15)(A) requires the Court to consider [the debtor's] future ability to pay the claim over time, as well as his ability at the time he filed the bankruptcy petition." 191 B.R. at 767. Thus, the court considered circumstances at the date of filing bankruptcy as well as at the date of trial. *Id. Cf. In re Straub,* 192 B.R. 522, 528 (Bankr.D.N.D. 1996) (finding that the court's inquiry under Section 523(a)(15)(A) should not be limited to the debtor's present ability to pay).

The sequence of events in this case illustrates the problem of choosing a date earlier than the trial date. The Debtor filed her bankruptcy petition on January 24, 1995. The adversary proceeding was filed on June 28, 1995. Over eight months have passed since the filing of the complaint and trial has not commenced. Much can happen in that time. To limit the Court to an examination of the facts existing on one of the earlier dates would force the Court to make a decision based on facts that may no longer exist. The result would not be based on reality.

■ Facts and circumstances existing at the time of trial provide the most pragmatic measuring stick to assess whether the Debtor has the ability to pay the debt or whether

---

**1.** Under Section 523(a)(5), the date of the entry of the divorce decree is the appropriate measuring point. *Hill,* 184 B.R. at 754.

**2.** The *Anthony* court preferred the bankruptcy petition date over the divorce decree date because "subsection (15) is measured in terms of a debtor's current ability to pay or measured in terms of a comparison of the parties' current financial conditions." *Anthony,* 190 B.R. at 438 n. 4.

the benefit of a discharge outweighs the detrimental consequences to the non-debtor spouse. Thus, the Court finds that, at a minimum, the date of trial is an appropriate starting point in examining the relative positions of the parties. This finding should, in no way, limit courts from considering extenuating facts that may have a direct bearing on a debtor's financial circumstances.[3]

## 2. Burden of Proof

■ Another issue fraught with uncertainty is the proper allocation of the burdens under Section 523(a)(15). Courts do not dispute that the initial burden is on the creditor to establish that the debt is not of the kind described in Section 523(a)(5).[4] See In re Florio, 187 B.R. 654, 657 (Bankr.W.D.Mo. 1995) (citing In re Silvers, 187 B.R. 648, 649 (Bankr.W.D.Mo.1995)); see also Straub, 192 B.R. at 527 (finding the language of Section 523(a)(15) sets up a rebuttable presumption of nondischargeability); Slover, 191 B.R. 886, 891–92 (Bankr.E.D.Okla.1996) (citations omitted).

After that showing, the question of whether the burden remains on the creditor, or shifts to the debtor is uncertain. The decisions are not models of consistency.

Several courts, including this one, find that the burden shifts to the debtor to establish that the debt should be discharged under either subparagraph (A) or (B) of Section 523(a)(15). Hill, 184 B.R. at 753–54; In re Owens, 191 B.R. 669, 672–73 (Bankr.E.D.Ky. 1996) (debtor must be successful in assertion of affirmative defenses of (A) or (B)); Slover,

191 B.R. at 891–92 (obligation under Section 523(a)(15) nondischargeable unless debtor can prove one of two things as set forth in (A) or (B)); Taylor, 191 B.R. at 764–65 (burden of coming forward shifts to debtor); In re Florez, 191 B.R. 112, 114 (Bankr.N.D.Ill. 1995); Anthony, 190 B.R. at 436; Florio, 187 B.R. at 657 (burden of going forward shifts to the debtor); Silvers, 187 B.R. at 649 (burden of going forward, not burden of proof shifts to the debtor); In re Phillips, 187 B.R. 363, 368–69 (Bankr.M.D.Fla.1995); Carroll, 187 B.R. at 200 (burden of proof shifts to the debtor); see also Becker, 185 B.R. at 569 (burden of proof shifts to the debtor after plaintiff brings the dischargeability action under Section 523(a)(15)); In re Woodworth, 187 B.R. 174 (Bankr.N.D.Ohio 1995) (initially describes the burden of proof as resting on the plaintiff; later states the debtor/defendant "met the requirements" of Section 523(a)(15)(A), suggesting the burden is placed on the debtor).

Two minority approaches to the burden dilemma have surfaced. In Hesson, the bankruptcy court in Maryland created a unique application of the burdens through the use of bifurcation. Hesson, 190 B.R. at 239.

This court holds that plaintiff must file a timely adversary proceeding and prove a cause of action based upon a debt incurred by debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other qualifying order. Once plaintiff has over-

**3.** The Debtor argues that to look at a date other than the date of the petition invites abuse. The Court notes, however, that abuses can flow from either party. Courts that utilize the date of trial rather than the date of filing must be aware of the temptation to rearrange one's financial affairs prior to trial to achieve a favorable outcome.

**4.** The language of Section 523(a)(5) is as follows: A discharge under section 727, ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of

record, determination made in accordance with State or territorial law by a governmental unit, or property settlement, but not to the extent that—
(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 USC § 602(a)(26)], or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support[.]
11 U.S.C. § 523(a)(5).

come this obstacle, this court finds that the burden of going forward and the burden of proof is bifurcated. If the debtor can show the inability to pay the § 523(a)(15) debt then the examination stops. There is no motivation for plaintiff to meet that burden. . . . However, if the debtor can afford to make the payment, then the plaintiff has the burden, as is the norm in dischargeability actions, to show that the detrimental consequences outweigh the benefit to debtor. This bifurcation results in placing the burden upon the party more able to present evidence. Thus, the debtor must plead the affirmative defense of § 523(a)(15)(A) or waive it. In that event, the court goes immediately to the issues of § 523(a)(15)(B) where plaintiff has the burden of proof.

*Id.*

At first blush, the approach taken by *Hesson* appears sensible and logical. Upon further scrutiny, however, *Hesson* seems to ignore the actual construction of the statute. The first paragraph of Section 523(a)(15) uses the phrase "unless," which indicates that the debt in question will not be dischargeable *unless* a showing is made pursuant to the tests set forth in subparagraph (A) or (B). Thereafter, the use of the word "or" indicates the debtor only needs to satisfy the burden under *either* (A) or (B). Nothing within the subparagraphs indicates that upon meeting the test of subparagraph (A), the burden shifts to the plaintiff to establish subparagraph (B).

Furthermore, the Court respectfully disagrees with *Hesson*'s precept that the plaintiff is better able to present evidence under subparagraph (B). "[I]t would be inconsistent to place on the Plaintiff the burden of proving a benefit to the Debtor that outweighs the detrimental consequences to Plaintiff and others inasmuch as the Plaintiff would have no impetus to meet that burden." *Carroll,* 187 B.R. at 200. *See also, In re Anthony,* 190 B.R. 429, 432 n. 3 (Bankr. N.D.Ala.1995) (asking why a non-debtor spouse would have any interest in proving the debtor's benefit was greater); *Hill* 184 B.R. at 754 (finding that the plaintiff would want to fail to meet the burden under sub-

paragraph (B)). Thus, the Court will not adopt the *Hesson* approach.

The other minority approach is that the burden remains on the creditor. *In re Butler,* 186 B.R. 371, 373–75 (Bankr.D.Vt.1995). This Court, based on its interpretation of Section 523(a)(15), respectfully disagrees with the *Butler* approach.

■ Exceptions to discharge are construed strictly against the creditor. *Meyer v. Rigdon,* 36 F.3d 1375, 1385 (7th Cir.1994). The Court, however, adheres to the view that the debtor at times should show he or she is deserving of the dischargeability of a particular debt. *Hill,* 184 B.R. at 754. This policy is incorporated by the burden shift to the debtor.

■ Thus, the Court will remain faithful to its findings in *Hill* and *Florez* that after the Plaintiff has established that the debt is not of the kind described in Section 523(a)(5), the burden shifts to the Debtor to show either 1) that she lacks the ability to pay the debt from income or property not needed to support herself and any dependents, or 2) that the discharge would be more beneficial to the Debtor than detrimental to her ex-spouse. *Hill,* 184 B.R. at 753–54; *Florez,* 191 B.R. at 114–15.

3. *Income from present spouse*

■ The Debtor urges the Court not to consider the income of her new spouse. The Debtor relies on *In re Carter,* 189 B.R. 521 (Bankr.M.D.Fla.1995) to support her position.

With limited analysis, the *Carter* court found that the "language of Section 523(a)(15)(A) restricts the determination of the ability to pay solely to the income of the debtor." *Id.* at 522. The Court agrees with *Carter* for purposes of Section 523(a)(15)(A).

Section 523(a)(15)(B), however, requires the Court to measure and weigh a "benefit" to one party, as opposed to the "detrimental consequences" to the other party. That language contemplates and invites a more expansive review and analysis of the circumstances in which the parties find themselves. Thus, the extent to which a spouse's contri-

butions or expenses impact on the debtor should be relevant in balancing the equities.

■ Furthermore, there is no language within subparagraph (B) limiting the review to the Debtor's financial situation. As with most balancing tests, the totality of circumstances is considered. *Taylor,* 191 B.R. at 766; *Slover,* 191 B.R. at 892–93 (citing *Carroll,* 187 B.R. at 201); *Hill,* 184 B.R. at 756. Therefore, the Court finds that for purposes of Section 523(a)(15)(B), the income of the present spouse may be considered.

### CONCLUSION

In the year and a half since its effective date, Section 523(a)(15) has provided a formidable challenge to the interpretive skills of bankruptcy practitioners and judges. For instance, the court in *Butler* found the drafting of Section 523(a)(15) was akin to the making of sausage.

> The use of triple negatives in this subsection has turned an otherwise well intended statute into a sausage. A reversal of the exceptions to the exception is in order. For comprehension purposes only, the section can be read to make property settlements nondischargeable IF a debtor is able to pay those debts or IF a discharge would be too detrimental to the ex-spouse. Congress has decided that if a debtor is able to pay the debt owed to the ex-spouse without harming him or her more than nonpayment would harm the ex-spouse, the debtor should uphold his or her separation obligation.

*Butler,* 186 B.R. at 373.

The Court agrees with those cases urging Congress to enact legislative remediation. *See Taylor* 191 B.R. at 766. In the meantime, the Court finds that:

1) at a minimum, the date of trial is an appropriate starting point in examining the relative positions of the parties. This finding should, in no way, limit the Court from considering extenuating facts that may have a direct bearing on a debtor's financial circumstances; that

2) after the Plaintiff has established that the debt is not of the kind described in Section 523(a)(5), the burden shifts to the Debtor to show either 1) that she lacks the ability to pay the debt from income or property not needed to support herself and any dependents, or 2) that the discharge would be more beneficial to the Debtor than detrimental to her ex-spouse; and that

3) for purposes of Section 523(a)(15)(A), the income of the present spouse should not be considered, but for purposes of Section 523(a)(15)(B), the income may be considered under the totality of circumstances.

The Complaint to Determine Dischargeability is set for trial on March 18, 1996. An appropriate order will be entered thereafter.