**In re Gregory O'Brien CRAIG, Debtor.**

**Shirley Annette CRAIG, Plaintiff,**

**v.**

**Gregory O'Brien CRAIG, Defendant.**

**Bankruptcy No. 95–31771–T.**
**Adversary No. 95–3093–T.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

April 1, 1996.

Rose McC. Alexander, Richmond, Virginia, for plaintiff.

Yvonne Cochran, Bankruptcy Legal Clinic of Richmond, P.C., Richmond, Virginia, for Debtor.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial was held on November 14, 1995, on plaintiff's complaint to except certain debts from debtor's discharge pursuant to 11 U.S.C. § 523(a)(15). At the conclusion of the trial, the court took the matter under advisement. For the reasons stated in this opinion, the court finds that debtor's obligation to make monthly mortgage payments on the marital residence is discharged, and debtor's obligation to transfer to plaintiff one half the value of the parties' U.S. Savings Bonds is excepted from debtor's discharge.

### Findings of Fact

Plaintiff, Shirley Annette Craig, and debtor, Gregory O'Brien Craig, were married on August 17, 1984. The Craigs had one child during their marriage, a daughter who is currently ten years old.

While married, the Craigs' marital home was in Glen Allen, Virginia. At present, the property secures two deed of trust notes. The first note is held by America's Mortgage Servicing, the second by Commercial Credit Corporation.

On April 20, 1993, the parties entered into a written separation agreement. Pursuant to the agreement, debtor agreed to pay plaintiff child support in the amount of $453.00 per month. Both parties waived their right to spousal support from the other. In dividing the marital property, debtor was awarded possession of the marital residence. In exchange, debtor was to take over the monthly payments on the two outstanding deeds of trust on the property. Debtor further agreed to hold plaintiff harmless in regard to these debts. In addition to the settlement reached concerning the real property, the parties agreed to liquidate and evenly divide the value of their U.S. Savings Bonds, which, at the time, had a value of $1,000.00 and were in debtor's possession. The separation agreement was incorporated into a final decree of divorce on January 13, 1995.

Debtor is currently a Sergeant First Class in the United States Army. Following the divorce, he quickly remarried and was transferred to Texas. On May 2, 1995, debtor filed a chapter 7 petition. Debtor had been unable to keep up with the monthly payments on the outstanding deeds of trust and had fallen into arrears. At the time his chapter 7 petition was filed, the arrearage on the first deed of trust note, held by America's Mortgage Servicing, was $4,843.00. Arrearage on the second deed of trust note, held by Commercial Credit Corporation, was $1,674.00. Debtor did not make any postpetition payments on the mortgages. Failure of the debtor to make the monthly payments forced plaintiff to file her own chapter 7 petition on October 6, 1995.

On July 12, 1995, plaintiff filed a complaint to except debtor's obligations under the separation agreement from debtor's discharge. More specifically, the complaint requests that the balance owed on the two deed of trust notes, $79,000.00 to America's Mortgage Servicing and $8,000.00 to Commercial Credit Corporation, as well as debtor's obligation to turn over one half of the value of the U.S. Savings Bonds be excepted from debtor's discharge in accordance with 11 U.S.C. § 523(a)(15). Debtor filed an answer on July 31, 1995, admitting the terms of the separation agreement but denying that the debts arising from the agreement should be excepted from debtor's discharge. Trial was held on November 14, 1995. At the conclusion of the trial, the court took the matter under advisement.

*Discussion and Conclusions of Law*

■ This case requires the court to apply 11 U.S.C. § 523(a)(15), recently enacted as part of the Bankruptcy Reform Act of 1994. Prior to the enactment of § 523(a)(15), a debt owed by a debtor to a spouse, former spouse, or child of the debtor arising out of a divorce was excepted from debtor's discharge only if the debt constituted alimony, maintenance or support. 11 U.S.C. § 523(a)(5). Section 523(a)(15) was enacted to protect spouses who had agreed to reduced alimony payments in exchange for being held harmless on joint debts or for accepting a larger property settlement. H.R.Rep. No. 835, 103rd Cong., 2nd Sess. 54, reprinted in 1994 U.S.C.C.A.N. pp. 3340, 3363. Section 523(a)(15) states:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15). In general terms, § 523(a)(15) excepts from discharge debts arising out of a property settlement unless the debtor is unable to pay the debt or discharging the debt would place a substantial burden on the nondebtor spouse.

■ An initial matter to be dealt with is the issue of which party bears burden of proof in establishing the dischargeability of a debt under § 523(a)(15). Generally, the burden of proof is on the party objecting to the discharge of the debt. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Some courts have adhered to this general rule and held that the nondebtor spouse bears the burden of not only establishing that the debt stems from a property settlement but must also prove that debtor is not eligible for relief under subdivisions (A) and (B). *See Woodworth v. Woodworth (In re Woodworth)*, 187 B.R. 174, 177 (Bankr. N.D.Ohio 1995); *Kessler v. Butler (In re Butler)*, 186 B.R. 371 (Bankr.D.Vt.1995). An overwhelming majority of courts, however, have used a bifurcated approach; once the nondebtor spouse establishes that the debt arose from a property settlement and that § 523(a)(15) applies, the burden of proof shifts to the debtor to prove that the debtor does not have the ability to pay the debt or that the benefit of discharging the debt outweighs any detriment to the nondebtor spouse.[1] The court agrees with this ap-

---

1. *See Slover v. Slover (In re Slover)*, 191 B.R. 886, 891 (Bankr.E.D.Okla.1996); *Taylor v. Taylor (In re Taylor)*, 191 B.R. 760, 764–65 (Bankr.N.D.Ill. 1996); *Collins v. Florez (In re Florez)*, 191 B.R. 112, 115 (Bankr.N.D.Ill.1995); *Anthony v. Anthony (In re Anthony)*, 190 B.R. 429, 432 & n. 3 (Bankr.N.D.Ala.1995); *Florio v. Florio (In re Florio)*, 187 B.R. 654, 657 (Bankr.W.D.Mo.1995); *Silvers v. Silvers (In re Silvers)*, 187 B.R. 648, 649 (Bankr.W.D.Mo.1995) (burden of going forward, not burden of proof shifts to debtor); *Phillips v. Phillips (In re Phillips)*, 187 B.R. 363, 368 (Bankr.M.D.Fla.1995); *Carroll v. Carroll (In re Carroll)*, 187 B.R. 197, 200 (Bankr.S.D.Ohio 1995); *Becker v. Becker (In re Becker)*, 185 B.R. 567, 569 (Bankr.W.D.Mo.1995); *Hill v. Hill (In re Hill)*, 184 B.R. 750, 753–54 (Bankr.N.D.Ill.

1995). There are no published opinions from this district supporting this position; however, Bankruptcy Judge Steven S. Mitchell, in an opinion pending publication, has held that the inability of a debtor to pay and balance of harm in favor of the debtor are affirmative defenses to be raised and proved by the debtor. *See King v. Speaks (In re Speaks)*, 193 B.R. 436, 440–41 (Bankr.E.D.Va.1995). *Cf. Collins v. Hesson (In re Hesson)*, 190 B.R. 229, 239 (Bankr.D.Md.1995) (finding that once nondebtor spouse has met burden that debt stems from property settlement, burden shifts to debtor to prove inability to pay. If debtor proves inability to pay, burden shifts back to nondebtor spouse to prove that benefit of discharge to debtor does not outweigh detriment to nondebtor spouse.).

proach and finds that the burden is on a debtor to prove inability to pay or that benefit of discharge outweighs any detriment to the nondebtor spouse by a preponderance of the evidence. *See Florio,* 187 B.R. at 657; *Phillips,* 187 B.R. at 369.

## A. Mortgage Payments

█ Because § 523(a)(15) is framed in the disjunctive, a debtor need only prove inability to pay or that benefit of discharge outweighs the detriment to the nondebtor spouse. *Florez,* 191 B.R. at 115. In regard to debtor's obligation to take over the payments on the outstanding deeds of trust notes, the court will address § 523(a)(15)(B) first. A debt is discharged under § 523(a)(15)(B) if the debtor can prove that the benefit of discharging the debt outweighs any detriment to the nondebtor spouse that will result from the discharge. As one of the first courts to apply § 523(a)(15), the bankruptcy court in *Hill v. Hill (In re Hill),* adopted a totality of circumstances test for § 523(a)(15)(B) and suggested several factors to be considered. These factors, which have since been applied by other bankruptcy courts, include the income and expenses of both parties, whether the nondebtor spouse is jointly liable on the debts, the number of dependents, the nature of the debts, the reaffirmation of any debts, and the nondebtor spouse's ability to pay. *Hill,* 184 B.R. at 756; *see also Taylor,* 191 B.R. at 766; *Florio,* 187 B.R. at 659; *Carroll,* 187 B.R. at 201. An additional factor to be considered is whether the debt can be collected from the nondebtor spouse. *See* 140 Cong.Rec. H.10752–1 (daily ed. Oct. 4, 1994).

In this case, debtor will realize a substantial benefit if debtor's obligation to make the monthly payments on the deed of trust notes is found to be dischargeable. In her complaint, plaintiff has requested that debtor's obligation to hold plaintiff harmless on the remaining balance on the two outstanding deed of trust notes be excepted from debtor's discharge. This is a debt in excess of $85,000.00.[2] On the other hand, plaintiff will suffer little, if any, detriment if the debt is discharged based on the fact that she has filed her own chapter 7 petition. Once plaintiff receives her discharge, she will be protected from liability on any deficiency judgment obtained by America's Mortgage Servicing or Commercial Credit Corporation. In other words, plaintiff is not liable for the underlying debt on which she wishes to enforce a hold harmless agreement. This is the exact scenario Congress has used as an example of when a nondebtor spouse will suffer little detriment if a debt is discharged. *See* 140 Cong.Rec. H.10752–1 (daily ed. Oct. 4, 1994). Though the court is sympathetic to the fact that plaintiff was forced into bankruptcy by debtor's failure to live up to his obligations, several courts have suggested that, under the circumstances, bankruptcy is the best remedy available to the nondebtor spouse. *See Silvers,* 187 B.R. at 648 ("Frankly the only good decision the Court can conjure up is for the ex-spouse to file a petition for relief under Chapter 7 also."); *Hill,* 184 B.R. at 756 ("A discharge of debts by *both* parties strikes the Court as the most sensible solution to the combined problems of the Plaintiff and the Debtor.") (emphasis in original). Accordingly, the court finds that debtor has met his burden and has proven that the benefit he will receive from a discharge outweighs any detriment plaintiff may suffer. Because the debtor need only prove one of the grounds listed in § 523(a)(15) for dischargeability, the court need not consider whether debtor has the ability to pay the balance on the two outstanding notes. .

## B. The United States Savings Bonds

█ According to the separation agreement, the parties were to liquidate $1,000.00

---

**2.** At trial and in her proposed findings of fact and conclusions of law, plaintiff limited her sought after recovery to the six monthly payments that debtor failed to pay prior to plaintiff filing her chapter 7 petition. The six payments total $6,517.94. Regardless of whether plaintiff seeks to except from discharge the remaining balance on the notes or just the last six payments, the same legal analysis applies and the court reaches the same result for either figure.

worth of U.S. Savings Bonds and evenly divide the funds. At trial, debtor admitted that he had cashed the bonds prior to the divorce becoming final without turning over half of the amount to plaintiff. Instead, debtor used the funds to pay the water and electric bills on the Glen Allen property.

Debtor argues that he is unable to pay the debt, and therefore the debt is dischargeable under § 523(a)(15)(A). On schedule I of his bankruptcy petition, debtor lists his income after taxes as $2,623.00 per month. At the same time, debtor listed expenses of $2,742.00, indicating that debtor has a negative monthly income of $119.00 a month.[3]

In determining if a debtor has the ability to pay a debt under § 523(a)(15)(A), numerous courts have looked to the disposable income test of § 1325(b)(2). *See In re Owens,* 191 B.R. 669, 674 (Bankr.E.D.Ky.1996); *Florez,* 191 B.R. at 115; *Hesson,* 190 B.R. at 237; *Phillips,* 187 B.R. at 369; *Carroll,* 187 B.R. at 200–01; *Hill,* 184 B.R. at 755. This test centers on whether or not a debtor's expenses are reasonably necessary for the support of the debtor and her dependents. 11 U.S.C. § 1325(b)(2).

Before determining whether debtor's expenses were reasonably necessary to support himself and his dependants, the court points out that, at present, it is not clear at what point in time the test should be applied. Some courts have examined the debtor's finances at the time the complaint was filed, *see Hill,* 184 B.R. at 754, while others have used the time of trial. *See Hesson,* 190 B.R. at 238. A third approach, which the court believes is the correct approach, is not to determine whether the debtor has the ability to pay the debt at any certain time, but to examine whether the debtor can pay the debt over time. *See Taylor,* 191 B.R. at 767; *Florez,* 191 B.R. at 115 n. 5; *Anthony,* 190

B.R. at 431 (debtor had ability to pay debt off over 32–38 month period).

Debtor testified that because his monthly expenses exceed his income, he must juggle his finances every month to pay his bills. Even with this negative balance, the court is not convinced that over time (say a two or three year period) debtor could not pay an additional $500.00, especially if payment is made in periodic payments. Accordingly, the court finds that debtor has failed to prove he is unable to meet his obligation to transfer one half the value of the bonds to plaintiff.

Will the benefit to the debtor stemming from a discharge of this debt outweigh the detriment the plaintiff will suffer if the debt is discharged? Plaintiff's bankruptcy schedules indicate that, like the debtor, her monthly expenses exceed her monthly income. Therefore any loss of income to the plaintiff, even an amount of $500.00, serves as a detriment to the plaintiff. On the other hand, discharging a debt of $500.00 is not a substantial benefit to debtor. The court finds therefore, that the benefit of discharge to debtor does not outweigh the detriment to plaintiff. Because debtor has also failed to prove that he is unable to pay the debt, debtor's obligation to transfer one half the value of the savings bonds must be excepted from debtor's discharge.

In conclusion, the court finds that the benefit to be afforded debtor if his obligation to make the monthly mortgage payments is discharged far outweighs any detriment that plaintiff will suffer if the debt is discharged. As a result, the debt cannot be excepted from debtor's discharge. Debtor has not, however, proven that he is unable to pay the debt based on his obligation to evenly divide the value of the parties' U.S. Savings Bonds and has not shown that the benefit from discharge will outweigh any detriment to plaintiff. Accordingly this debt

---

**3.** At trial, debtor testified that his current wife's income was approximately $1,200 a month for a combined income of approximately $3,850.00 a month. At the same time, debtor and his current wife have combined monthly expenses of $3,996.00 a month. In determining whether debtor has the ability to pay under § 523(a)(15)(A), the court will consider only the income and expenses of debtor. *See Carter v.*

is excepted from debtor's discharge.[4]

A separate order will be entered.

*Carter (In re Carter)*, 189 B.R. 521, 522 (Bankr. M.D.Fla.1995).

4. In her proposed findings of fact and conclusions of law, plaintiff also seeks to recover $430.00 for attorney fees to file her chapter 7 petition, $1,500.00 for attorney fees incurred by plaintiff following the filing of her chapter 7 petition, the $160.00 filing fee for her chapter 7 petition and the $120.00 filing fee for filing her § 523(a)(15) complaint. None of these are debts owed to the plaintiff pursuant to the parties' written separation agreement, and therefore § 523(a)(15) does not apply. As far as these are requests for costs and attorney fees for bringing the instant action, they are denied.