**In re Kenneth BUTLER, Debtor.**

**Deborah KESSLER, Plaintiff,**

**v.**

**Kenneth BUTLER, Defendant.**

**Bankruptcy No. 94–10734.**
**Adv. No. 95–1034 FGC.**

United States Bankruptcy Court,
D. Vermont.

Sept. 18, 1995.

W. Loftus, Law Offices of William R. Loftus, P.C., Lebanon, NH, for plaintiff Deborah Kessler. (Kessler).

M.P. Palmer, Palmer Legal Services, Middlebury, VT, for defendant Kenneth Butler. (Butler).

**MEMORANDUM OF DECISION ON BURDEN OF PROOF UNDER 11 USC § 523(a)(15)**

FRANCIS G. CONRAD, Bankruptcy Judge.

Kessler brought this adversary proceeding[1] before us under, among other theories,

---

1. Our subject matter jurisdiction over this controversy arises under 28 USC § 1334(b) and the General Reference to the Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28 USC § 157(b)(2)(A). This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. Rule 52, as made applicable by F.R.Bkrtcy Rule 7052.

sections 523(a)(5) and (15) of the Bankruptcy Code. 11 U.S.C. § 523(a)(5), (15). Kessler's complaint consisted of an objection to the discharge of debts owed to her by her ex-spouse, Butler. These debts, totalling approximately $250,000, were awarded to Kessler by a 1994 divorce decree.

Kessler argued that her 1994 divorce award was in the nature of alimony and is not dischargeable under § 523(a)(5). Alternatively, she argued that the award, if it were found to be in the nature of a property settlement, is not dischargeable under Congress' recent addition to the Bankruptcy Code, § 523(a)(15). After Kessler rested her case-in-chief at trial, Butler moved for judgment in his favor on partial findings. We granted the motion because we concluded that the debts owed were in the nature of a property settlement and further concluded that Kessler had the burden of proof under § 523(a)(15) and she did not sustain her burden.

Our findings of fact and conclusions of law were dictated into the record after we granted Butler's motion. At trial, we informed the parties that we would issue this supplemental memorandum to further explain our reasoning as to the dismissal under the newly enacted and untamed § 523(a)(15). Accordingly, we will repeat herein only those findings of fact and conclusions of law necessary to understand our memorandum.

## DISCUSSION

 Congress enacted § 523 of the Bankruptcy Code to except from discharge certain obligations of debtors which, in terms of public policy, simply should not be excused. *Grogan v. Garner*, 498 U.S. 279, 287–88, 111 S.Ct. 654, 659–60, 112 L.Ed.2d 755, 765 (1991). A bankruptcy discharge, after all, is considered to be a privilege, not a right. *In re Barrows*, 182 B.R. 640, 647 (Bkrtcy.D.N.H.1994), citing *United States v. Rice*, 182 B.R. 759, 762 (N.D.Ohio 1994). The above principal, on the other hand, is to be balanced with the overriding bankruptcy policy of giving honest debtors a fresh start. *In re Gallagher*, 72 B.R. 830, 833 (Bkrtcy. N.D.Ind.1987), citing *Local Loan Co. v.*

*Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934).

 To accomplish this balance, exceptions to discharge are to be construed narrowly; any debt not excepted by Congress in the Bankruptcy Code is presumed to be dischargeable. *Brown v. Felsen*, 442 U.S. 127, 128, 99 S.Ct. 2205, 2207, 60 L.Ed.2d 767 (1979); *In re Gallagher, supra*, 72 B.R. at 834, citing *Lake County Dept. of Public Welfare v. Marino*, 29 B.R. 797, 799 (N.D.Ind. 1983); *In re Armento*, 127 B.R. 486, 489 (Bkrtcy.S.D.Fla.1991). Generally, the burden of proving non-dischargeability is on the creditor objecting to discharge. *See* Bankruptcy Rule 4005, referring to § 727 non-dischargeability, and *see Grogan, supra*, 498 U.S. at 279, 111 S.Ct. at 654; *In re Armento, supra*, 127 B.R. at 489, and *In re Gallagher, supra*, 72 B.R. at 834, citing *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915), all referring to § 523 non-dischargeability.

It has been said that one should never watch laws or sausage being made, and section 523(a)(15) of the Bankruptcy Code is no exception to that caution. Section (a)(15) is a pernicious creature. Using it is equivalent to applying acupuncture without a license because it does not heal the emotional wounds from a divorce. Indeed, section (a)(15) is an intrusive invasion into the private lives of a former couple who had agreed in their divorce to separate forever. Section (a)(15) can be described as an impediment to the emotional fresh start in life that divorce may bring. It also can impede the fresh start of bankruptcy. The section, presumably, was enacted by Congress to fill in the gaps of § 523(a)(5) by protecting ex-spouses who pass through that section and are harmed by it. *In re Hill*, 184 B.R. 750, 752–53 (N.D.Ill. 1995), *citing* 140 Cong.Rec.H. 10752–1 (daily ed. Oct. 4, 1994).

Section (a)(5) makes alimony and support payments absolutely nondischargeable. Under the presumption of dischargeability, then, any award not in the nature of alimony or support, such as property settlements, would be presumptively dischargeable. Congress enacted § 523(a)(15) because obligors were able to craftily draft settlement agree-

ments to be in property rather than alimony terms and then discharge their marital obligations in bankruptcy[2]. *Id.* The new section provides for the non-dischargeability of a debt

> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record ... unless—
>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor ...; or
>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse or child of the debtor[.]

11 U.S.C. § 523(a)(15) (Norton Bankr.Code Pamphlet 1995).

Property settlements are no longer automatically dischargeable unless the sixty-day statute of limitations under F.R.Bkrtcy.P. Rule 4007(c) has passed. Instead, property settlements are not dischargeable unless a debtor has no ability to pay the debt or, alternatively, a discharge would result in a benefit to a debtor that outweighs the harm to an ex-spouse. The use of triple negatives in this subsection has turned an otherwise well intended statute into sausage. A reversal of the exceptions to the exception is in order. For comprehension purposes only, the section can be read to make property settlements nondischargeable IF a debtor is able to pay those debts or IF a discharge would be too detrimental to the ex-spouse. Congress has decided that if a debtor is able to pay the debt owed to the ex-spouse without harming him or herself more than nonpayment would harm the ex-spouse, the debtor should uphold his or her separation obligation.

With the conceptual framework of § 523(a)(15), we now must turn to the allocation of the burden of proof. Unlike § 727 objections to discharge, Congress has not specifically laid out the burdens with respect to objections to discharge of specific debts in § 523. (*See* Fed.R.Bkrtcy.P. Rule 4005). Bankruptcy Rule 4005, quite understandably, places the burden of objecting to an overall discharge under § 727 on the objecting creditor. A creditor who raises the issue of fraud, for instance, must prove fraud. Analogously, one who is objecting to the discharge of a specific debt based on fraud allegations should be required to prove fraud. (*See* § 523(a)(2), *In re Gallagher, supra,* 72 B.R. at 834 and *Grogan, supra,* 498 U.S. at 287, 111 S.Ct. at 659).

In *Grogan,* the Supreme Court determined that the standard of proof required in § 523(a)(2)(A) hearings should be a preponderance of the evidence standard. *Grogan, supra,* 498 U.S. at 291, 111 S.Ct. at 661. The Court, in dicta, reasoned that Congress' silence with respect to the standard of proof indicated that Congress did not intend to do anything special or unusual with respect to section 523. *Id.* at 286–88, 111 S.Ct. at 659–60. In discussing the particular subsection involved in the case[3], the Court explained that Congress' silence also meant that no subsection of 523 was intended to be any different from another subsection of 523. *Id.* The Court, in dicta discussing sections 523(a)(2), (5), and (8)[4], alluded to the burden of proof involved as being upon creditors by discussing what evidentiary standard would be sufficient to "establish the nondischargeability" of claims. *Id.* at 288, 111 S.Ct. at 660. In fact, throughout the opinion the Court unquestionably referred to the § 523 burden as a creditor burden. *See, e.g., Id.* at 283, 287, 111 S.Ct. at 657, 659.

---

**2.** See "The Three Divorce Courts of the United States or How to Be Divorced from the Same Person Three Times," by the Honorable Francis G. Conrad, Great Plains Tax Institute, University of Nebraska, 1992. (Stipulations that mean one thing for the IRS, another for the family court and yet another for the Bankruptcy Court result in three divorce courts).

**3.** 11 U.S.C. § 523(a)(2)(A).

**4.** Including § 523(a)(8) was probably an oversight by the Court.

■ It is clear to us that the burden of proof in § 523 hearings should be upon the objecting creditor. Exceptions to discharge impair a debtor's fresh start and are to be narrowly construed. We chose to issue this memorandum because there has been some speculation that there should be a reversal of the burden of proof in (a)(15) cases and because section (a)(8) has been interpreted as placing the burden of proof on a debtor who seeks to discharge student loans. *See, e.g., In re Burton* 117 B.R. 167 (Bkrtcy.W.D.Pa. 1990), *In re Barrows, supra,* 182 B.R. at 647, *In re Berthiaume,* 138 B.R. 516, 520 (Bkrtcy. W.D.Ky.1992). It has been questioned whether the new section (a)(15) creates the same type of debtor burden because of the two sections' similar wording.[5] *See In re Hill, supra,* 184 B.R. 750. Section (a)(8) makes student loans non-dischargeable unless the debt is over seven-years old or unless non-discharge would place undue hardship on a debtor. 11 U.S.C. § 523(a)(8). Courts have logically placed the burden on the debtor to prove hardship because he or she is undoubtedly pleading hardship in order to be released from a student loan obligation.

For several reasons, adversary proceedings arising under § 523(a)(15) are distinguishable from the student loan cases, both procedurally and substantively. The case before us is not conceptually the same as a student loan case. In this case the plaintiff/ex-spouse is objecting to her husband's discharge of his divorce obligations rather than the debtor asking for a declaration of dischargeability. This instance is analogous to those under Rule 4005 and is in harmony with § 523 generally. It is not asking for differential treatment. This is merely another ordinary instance of a creditor objecting to the discharge of a debt.

Secondly, and more importantly, sections (a)(15) and (8) are worded differently. Section (a)(8)(B) calls for the non-dischargeability of debt unless "excepting such debt from discharge" would impose undue hardship on the debtor. Section (a)(15)(B), on the other hand, calls for non-dischargeability of debt unless "discharging such debt" would result in a benefit to the debtor that outweighs the harm to the ex-spouse. The difference in wording of the two sections shows the differing emphasis of the sections. The former calls for proof of the detrimental effects caused by *non*-dischargeability, while the latter emphasizes proof of benefits and harm if there were a discharge. The creditor is in the best logical position to plead the detrimental effects of a discharge. The converse would be bizarre—the debtor would have to prove how wonderful a discharge would be to him and comparably how mediocre a discharge would be to his ex-spouse. Proving the benefit to the debtor of a discharge would be an illusory burden.

Incidentally, section (a)(15)(A) would also present an odd debtor burden. The debtor would have to show, in an adversary proceeding, his or her lack of ability to pay the separation obligation. The ability or lack of ability to pay, however, is set forth in the debtor's petition and/or plan. Like the presumption of dischargeability, it may even be presumable that the debtor cannot pay. Practically, what the section instead calls for is a creditor showing that the debtor can pay for his or her obligations *despite* the petition or plan. The reverse situation would present no actual burden.

■ Thirdly, it seems to us to be not merely coincidental that subsection (a)(15), and not (a)(8), is included in § 523(c).[6] Section 523(c) requires that creditors, within sixty days of the first meeting of creditors,[7] raise the issue of non-dischargeability of debts of the kinds listed in subsections (a)(2), (4), (6) and (15) and that a hearing be held on those issues before a court can declare the debts non-dischargeable. 11 U.S.C. § 523(c). These types of debts will be discharged with-

---

**5.** Both subsections (a)(8) and (15) follow their listing of non-dischargeable debts with an "unless" and two exceptions to the general exception from discharge.

**6.** This issue was raised by the debtor in *In re Hill,* 184 B.R. 750 (N.D.Ill.1995), but summarily dismissed by the honorable Richard N. DeGunther.

**7.** See F.R.Bkrtcy Rule 4007(c) for the sixty day requirement.

out such a hearing. Section (a)(8), on the other hand, is self-executing; educational institutions need not raise a complaint regarding the possibility of their debts being discharged. *U.S. v. Bradburn,* 75 B.R. 108, 110 (S.D.Ind.1987), citing S.Rep. No. 95–989, 95th Cong., 2d Sess. 19, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5864, 5865; *In re Smith,* 103 B.R. 392, 395 (Bkrtcy.N.D.N.Y. 1988). Congress has therefore recognized the different contexts in which these two types of proceedings commence—(a)(15) by creditor impetus and (a)(8) by the debtor. In fact, because without such hearing upon a creditor's request an (a)(15) debt "shall be discharged," it seems highly unlikely that a debtor would *ever* bring an (a)(15) complaint.

Finally, the case before us was brought in conjunction with § 523(a)(5). Sections (a)(5) and (a)(15) are merely alternate theories for an objecting ex-spouse to establish a debt as non-dischargeable. Generally, plaintiffs who can not prove that a divorce decree calls for alimony payments will often resort to section (a)(15), because that was Congress' intention in enacting section (a)(15). It would be illogical to differently construe two subsections of 523 which are likely to be brought together in order to establish the non-dischargeability of the same claim.

A creditor first bears the ordinary burden of production. A creditor also bears the burden of persuasion unless a presumption was created to alter the normal course. While (a)(8) may or may not be such a circumstance, (a)(15) is not. There is no indication by Congress nor is there a logical reason to shift the burden from the objecting creditor to the debtor in (a)(15) cases.

### CONCLUSION

The context of (a)(15) hearings, their commencement and substance, leads us to the inescapable conclusion that the objecting creditor must bear the burden of proof. Congress may have removed or lessened the effect of the presumption of dischargeability

of debts not falling under § 523(a)(5) by enacting § 523(a)(15), but it did not, however, by enacting (a)(15) create an opposing presumption in favor of the creditor.[8] Eliminating one presumption does not automatically create a presumption for the other side. Our ruling today is consistent with the legal theory that exceptions to discharge are to be narrowly construed against the creditor.

Our findings of fact as to why plaintiff did not meet her burden are on the record. She did not show by a preponderance of the evidence that either the defendant had the ability to pay for his support obligation or that his discharge would be more detrimental to her than a discharge would be beneficial to her ex-husband. While we read the section to be in the disjunctive for now, that is if the plaintiff were to fail either (a)(15)(A) or (B), she would fail to meet her burden, we need not decide that issue because she has failed to meet either part. Accordingly, we granted Butler's motion to dismiss the adversary proceeding after partial findings.

---

**8.** In a recent attempt to tame section (a)(15), the Bankruptcy Court for the Western District of Missouri in *In re Becker,* 185 B.R. 567 (Bankr. W.D.Mo.1995) referred to (a)(15) as creating a rebuttable presumption that property settlements are non-dischargeable unless the debtor can prove the two exceptions. *Id.* at 569–70. As our conclusion suggests, we disagree with our sister court.