In re V. Douglas JODOIN, M.D., Debtor.

V. Douglas JODOIN, M.D., Appellant,

v.

Christine C. SAMAYOA, Appellee.

BAP No. EC–96–1514–RyOH.
Bankruptcy No. 94–29190–C–7.
Adv. No. 95–2135–C.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

May 2, 1997.

Nancy Page, Page & Sohnen, Walnut Creek, CA, for V. Douglas Jodoin, M.D.

Wayne A. Knight, Fairfield, CA, for Christine C. Samayoa.

Before: RYAN, OLLASON and HAGAN, Bankruptcy Judges.

## OPINION

RYAN, Bankruptcy Judge:

Plaintiff-Appellee Christine Samayoa, formerly Jodoin ("Plaintiff"), filed a complaint (the "Complaint") against Defendant–Appellant Douglas Jodoin, M.D. ("Defendant") under Bankruptcy Code (the "Code")[1] § 523(a)(15) seeking to have a state court marital dissolution judgment for $44,082 (the

---

1. The Code is set forth in 11 U.S.C. §§ 101–1330 (1994).

"Judgment") declared nondischargeable. After a trial on the merits of the Complaint, the bankruptcy court held that the Judgment was nondischargeable under Code §§ 523(a)(5) and (a)(15). Defendant appealed. We **AFFIRM** the bankruptcy court.

## I. FACTS

On May 13, 1982, Plaintiff and Defendant were married. They had one child during their union. In August 1991, they divorced pursuant to a bifurcation order. After their divorce, Plaintiff and Defendant were parties to a state court action concerning the dissolution of their marital estate and the awarding of support. On November 28, 1994, after a trial, the family law court issued the Judgment, awarding Plaintiff $44,082.[2]

On November 15, 1994, Defendant filed a chapter 7 bankruptcy. Defendant is a primary care physician who is employed at an annual salary of $125,000, plus a bonus based on his billings. He and his new wife receive $7,200 per year in child support for her two children. Within three months of his bankruptcy filing, Debtor moved to a new house with an option to purchase for $300,000. His rent is $2,200 per month. He and his wife lease two vehicles for $880 per month. Their telephone bill is $500 per month. In 1995, they vacationed at a resort.

Plaintiff is a registered nurse working in a neonatal care unit. She earns approximately $44,000 per year as an hourly employee. Her spouse is a self-employed real estate professional whose income in 1995 was negligible due to the poor real estate market. They receive $710 per month from Defendant

for child support. They also took a vacation at a resort in 1995.

On February 17, 1995, Plaintiff filed the Complaint seeking to declare the Judgment nondischargeable under Code § 523(a)(15).[3] A trial was held on the Complaint on February 15, 1996.

On May 16, 1996, the bankruptcy court issued a memorandum decision and entered a judgment holding $42,884 of the Judgment nondischargeable under § 523(a)(5) and the remaining $1,198[4] nondischargeable under § 523(a)(15). *See Samayoa v. Jodoin, M.D. (In re Jodoin)*, 196 B.R. 845, 851–52 (Bankr. E.D.Cal.1996).

On May 24, 1996, Defendant timely filed his notice of appeal from the bankruptcy court's judgment.

## II. ISSUES ON APPEAL

1. Whether the bankruptcy court erred in holding that part of the Judgment was nondischargeable under § 523(a)(5) when the Complaint only stated a cause of action under § 523(a)(15).

2. Whether the bankruptcy court erred in finding that $42,884 of the Judgment constituted child and spousal support that was nondischargeable under § 523(a)(5).

3. Whether the bankruptcy court erred in holding that Defendant (debtor) had the burden of proof regarding subsections (A) and (B) of § 523(a)(15).

4. Whether the bankruptcy court erred in finding $1,198 of the Judgment nondischargeable under § 523(a)(15).

---

**2.** *See* Judgment After Trial on Reserved Issues.

**3.** The Complaint actually states that Plaintiff is seeking to declare the Judgment nondischargeable under Code § 523(15). There is no such Code section. It is clear that the parties and the bankruptcy court at all relevant times understood the Complaint to state a nondischargeability action under § 523(a)(15). The extensive record presented on appeal reveals no argument to the contrary.

**4.** The bankruptcy court judgment provides that $42,884 of the Judgment was nondischargeable under § 523(a)(5) as spousal and child support. Additionally, the bankruptcy court's judgment states that "the balance of the aforesaid debt is

declared to be nondischargeable" under § 523(a)(15). Judgment of the Bankruptcy Court at 2.

However, in its memorandum opinion, the bankruptcy court found that $42,844, rather than $42,884, was nondischargeable under § 523(a)(5). The record, admitted evidence, and the bankruptcy court's judgment clearly establish that the correct figure should be $42,884.

With this correction, the amount of the § 523(a)(15) nondischargeable claim should have been $1,198 and not $1,138. Because the bankruptcy judgment had the correct figures, no correction is necessary.

## III. STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and the court's conclusions of law *de novo. Neben & Starrett v. Chartwell Fin. Corp. (In re Park–Helena Corp.),* 63 F.3d 877, 880 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996) (citing *Sousa v. Miguel (In re United States Trustee),* 32 F.3d 1370, 1372 (9th Cir.1994)). To the extent that questions of fact cannot be separated from questions of law, we review these questions as mixed questions of law and fact applying a *de novo* standard. *Ratanasen v. California Dep't of Health Servs.,* 11 F.3d 1467, 1469 (9th Cir.1993).

A denial of a discharge by the bankruptcy court is reviewed under the gross abuse of discretion standard. *Finalco, Inc. v. Roosevelt (In re Roosevelt),* 87 F.3d 311, 314 (9th Cir.1996) (quoting *Cox v. Lansdowne (In re Cox),* 904 F.2d 1399, 1401 (9th Cir.1990) ("In the context of discharges we have applied a more deferential standard.... '[W]e disturb [discharge decisions] ... only if we find a gross abuse of discretion.'")) *Stout v. Prussel,* 691 F.2d 859, 861 (9th Cir.1982); *Shaver v. Shaver (In re Shaver),* 736 F.2d 1314, 1316 (9th Cir.1984).

A specific determination under § 523(a)(5) that the debt in question was for maintenance, alimony, or support is considered a factual one which is reviewed under the clearly erroneous standard. *Gard v. Gibson (In re Gibson),* 103 B.R. 218, 220 (9th Cir. BAP 1989) (citing *Long v. Calhoun (In re Calhoun),* 715 F.2d 1103, 1110 (6th Cir. 1983)).

Issues of statutory interpretation are questions of law which we review *de novo. County of El Dorado v. Crouch (In re Crouch),* 199 B.R. 690, 691 (9th Cir. BAP 1996) (citing *Acequia, Inc. v. Clinton (In re Acequia, Inc.),* 787 F.2d 1352, 1357 (9th Cir.1986)).

## IV. DISCUSSION

### A. The Bankruptcy Court Did Not Err In Holding That The Parties Implicitly Consented To A § 523(a)(5) Determination.

The Complaint only stated a § 523(a)(15)[5] cause of action. However, the bankruptcy court held that $42,884 of the Judgment was nondischargeable under § 523(a)(5).[6] In reaching this holding, the bankruptcy court cited three separate lines of reasoning: the natural intermingling of §§ 523(a)(5) and (a)(15); Federal Rule of Civil Procedure ("FRCP") 15(b) (made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7015); and FRCP 54(c) (made applicable to adversary proceedings pursuant to FRBP 7054). *See Jodoin,* 196 B.R. at 851–52.

---

5. Section 523(a)(15) states:

A discharge ... does not discharge an individual debtor from any debt—
....
(15) **not of the kind described in paragraph (5) that is incurred by the debtor** in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—
(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
(B) discharging such debt would result in a benefit to the debtor that outweighs the det-

rimental consequences to a spouse, former spouse, or child of the debtor.
11 U.S.C. § 523(a)(15) (1994) (emphasis added).

6. Section 523(a)(5) states, in relevant part:

A discharge ... does not discharge an individual debtor from any debt—
....
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ... but not to the extent that—
(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.
11 U.S.C. § 523(a)(5) (1994).

Generally, a party cannot succeed on a cause of action not stated in the complaint.[7] *See generally Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800, 814 (9th Cir.1994) [hereinafter *Acequia II* ] (quoting *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir.1990) ("[T]he main purpose of the complaint is to provide notice of what the plaintiff's claim is and the grounds upon which the claims rest.... [The] plaintiff must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery."); *Save Lake Washington v. Frank*, 641 F.2d 1330, 1339 (9th Cir.1981)). However, FRCP 15(b) [8] permits the parties to consent implicitly to amendments to the pleadings based on the actual trial. FRCP 15(b) is to be construed liberally. *See 6A Charles Alan Wright, Federal Practice and Procedure § 1491 (2d ed.1990); 3 James Wm. Moore, et. al, Moore's Federal Practice ¶ 15.13[2] (1996).*

At trial, both the § 523(a)(5) and § 523(a)(15) issues were raised. Plaintiff's counsel on several occasions argued that certain parts of the debt were nondischargeable under § 523(a)(5).[9] Additionally, Plaintiff provided percipient testimony that specifically classified certain portions of the Judgment as spousal and child support.

7. The bankruptcy court recognized this principle. "Having concluded that $42,844 of the obligation does constitute nondischargeable support **still leaves the procedural problem of how to reach that result in an adversary proceeding that does not seek such a determination.**" *Jodoin*, 196 B.R. at 851.

8. FRCP 15(b) states:
   **Amendments to Conform to the Evidence.** When issues not raised by the pleadings are **tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.** Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to these issues may be made upon motion of any party at any time, even after judgment; but **failure so to amend does not affect** the result of the trial of these issues....
   Fed.R.Civ.P. 15(b) (emphasis added).

9. *See, e.g.,* Transcript of Bankruptcy Court Trial at 32–33:22–4 ("But how property is divided and how credits are given toward arrearages and support and things like that to come in as an offset figure and what is done in what order

For example, early in the trial, Mr. McPherson, Plaintiff's family law counsel, testified as follows:

Q: Now, do you recall what the—as close as you can approximate—the actual amount of arrearages that was owing for child and spousal support at the time the court made its final determination with offsets for property division and so forth?

A: The final figure is—as I recall, was $42,000 **in child and spousal support that was owed** [sic] But that is a number of complicated calculations because the support each year varied. The law changed in 1993. 'Significant other' was not included as income. There were a fairly substantial number of factors that had to go into the dissomaster in order to determine the actual amount of child support for each individual year. **But I believe the judgment shows that the arrearages at that time was—the final bottom line figure was $42,000.**

Transcript of Bankruptcy Court Trial at 45:3–17 (emphasis added).[10] Defendant had earlier in the trial waived all relevancy objections to this testimony. Transcript of Bankruptcy Court Trial at 21:11–13.[11]

because I think what is done in what order is totally relevant as to whether or not the $30,520 dollars is a(15) or it's a(5) matter.").

10. *See also e.g.,* Transcript of Bankruptcy Court Trial at 44:16–18 (Plaintiff's witness, Mr. McPherson, testifying that "[a] greater part of the fees [delineated in the Judgment] were related to the establishment of what a correct spousal and child support order would be....").

11. The Ninth Circuit has held that "[w]here 'evidence ... allege[d] to have shown implied consent was also relevant to the other issues at trial[,][it] cannot be used to imply consent to try the [unpleaded] issue.'" *Acequia II,* 34 F.3d at 814 (quoting *Dole v. Mr. W. Fireworks, Inc.,* 889 F.2d 543, 547 (5th Cir.1989), *cert. denied,* 495 U.S. 929, 110 S.Ct. 2167, 109 L.Ed.2d 497 (1990)).

This evidence presented by Plaintiff's counsel is not relevant to Plaintiff's § 523(a)(15) cause of action. In fact, it is completely detrimental to her cause of action, because one of the requirements of § 523(a)(15) is that the debt not be of a

Finally, Plaintiff's counsel, in his closing statement, stated that he believed that at least $35,040 of the Judgment represented support that was nondischargeable under § 523(a)(5). He stated:

> [T]he evidence that has come forward in this case is unrefuted that the $35,040 dollars, whatever, that's listed on the attachment to the judgment after trial which was unrefunded **is past due child support and spousal support after the testimony of Mr. McPherson** that, in fact, there was no rebutting testimony whatsoever.
>
> There was testimony that the attorney's fees, while not the total attorney's fees in the whole case, but attorney's fees **were clearly for child support and spousal support to enforce or establish those.** And that's court costs and the cost of the expert, the C.P.A., was again, your Honor, for establishing child support or spousal support.
>
> **So I think clearly this is a(5).**

Transcript of Bankruptcy Court Trial at 170:4–18 (emphasis added).

Defendant's counsel did not object to this argument. In fact, in her closing argument, Defendant's counsel admitted:

> **I don't find any problem with separating out any aspect of the attorney's fees actually relating to child support. I agree that the [sic] that's nondischargeable automatically.** But no evidence has been issued or shown here today that bears on that point [sic] all that would allow the Court to make such a determination in any event.

kind stated in § 523(a)(5). Plaintiff presented this testimony, and the other evidence, with the specific intent of trying the (a)(5) issue. Otherwise, Plaintiff was presenting evidence contrary to her (a)(15) claim. Defendant's counsel did not object to this testimony and acknowledged. the (a)(5) argument in her closing statement.

12. This is not a situation where the evidence was being raised inferentially.

> To establish implied consent, the [plaintiff] must demonstrate that [the defendant] understood evidence had been introduced to prove [the new issue], and that [the new issue] had been directly addressed, not merely inferentially raised by incidental evidence.

Transcript of Bankruptcy Court Trial at 176:2–8 (emphasis added).

■ Based on the arguments made and the evidence produced at trial, Plaintiff's counsel attempted to persuade the bankruptcy court that the Judgment should be held nondischargeable under either § 523(a)(5) or § 523(a)(15). Defendant's counsel did not object to the § 523(a)(5) arguments by Plaintiff's counsel or to the evidence produced in support of a § 523(a)(5) determination. Rather, she argued that, based on the evidence, Plaintiff had not proved a valid § 523(a)(5) cause of action.[12] By failing to object strenuously to any argument or evidence on the § 523(a)(5) issue, Defendant implicitly accepted resolution of the issue by the bankruptcy court. Furthermore, Defendant's argument that there was no evidence for the court to decide the § 523(a)(5) issue effectively acknowledges that the issue was actually before the court.[13]

**B. The Bankruptcy Court Did Not Commit Clear Error In Determining That $42,884 Of The Judgment Was NonDischargeable Under § 523(a)(5).**

Section 523(a)(5) excepts from discharge any child or spousal support payment resulting from a separation or divorce agreement. *See* 11 U.S.C. § 523(a)(5) (1994). Defendant argues that the bankruptcy court was wrong in holding that $42,884 of the Judgment was nondischargeable under §. 523(a)(5).

■ The final determination of what portions of the Judgment constitute nondischargeable alimony, support, or maintenance

*Acequia II,* 34 F.3d at 814 (quoting *LaLonde v. Davis,* 879 F.2d 665, 667 (9th Cir.1989)). Plaintiff's counsel directly stated the § 523(a)(5) argument and his belief that the evidence demonstrated that he should prevail on the argument. Defendant's counsel acknowledged the § 523(a)(5) argument, but responded that the evidence was not enough for the bankruptcy court to hold the Judgment nondischargeable.

13. Because we hold that the pleadings were implicitly amended pursuant to FRCP 15(b), we need not address the bankruptcy court's other two arguments for reaching the § 523(a)(5) holding absent a specific cause of action stated in the Complaint.

is a question of federal law.[14] *Gionis v. Wayne (In re Gionis),* 170 B.R. 675, 681 (9th Cir. BAP 1994) (citing *Shaver,* 736 F.2d at 1316);, *see also Stout,* 691 F.2d at 861 (citing H.R.Rep. No. 95–595, at 364, *reprinted in* 1978 U.S.C.C.A.N. 5787, 6320). Therefore, the labels used by the state court in determining the Judgment were not binding on the bankruptcy court. An independent review of the Judgment and factual inquiry into the true nature of any support was certainly within the power and discretion of the bankruptcy court. *Gionis,* 170 B.R. at 681; *Sweck v. Sweck (In re Sweck),* 174 B.R. 532, 534 (Bankr.D.R.I.1994) (The Code necessitates that the bankruptcy court "determine the nature of the debts, regardless of the labels placed on them by the parties or the family court."). However, "[w]here the award was rendered in a contested proceeding, another relevant fact is the intent of the state court." *Gionis,* 170 B.R. at 682.

■ In holding that $42,884 of the Judgment was nondischargeable under § 523(a)(5), the bankruptcy court stated that "[t]he reasoning of the state court in determining the amount of support is explicit and establishes unambiguously that the sum was meant to represent past support and not some quasi-property allocation." *Jodoin,* 196 B.R. at 850. After a thorough review of the record and the Judgment, we cannot say that the bankruptcy court committed clear error in finding $42,884 of the Judgment nondischargeable under § 523(a)(5).

The Judgment clearly indicates that $42,884 was due to Plaintiff from Defendant for past family support (both spousal and child). The Judgment provides:

**14.** "In the context of § 523(a)(5) 'substance prevails over form.'" *Dressler v. Dressler (In re Dressler),* 194 B.R. 290, 295 (Bankr.D.R.I.1996) (citing *Warren v. Warren (In re Warren),* 160 B.R. 395, 398 (Bankr.D.Me.1993)).

**15.** Defendant argues extensively in his brief that the bankruptcy court erred in setting the nondischargeable amount at $42,884. The basis for Defendant's argument is that the bankruptcy court took this figure from a chart on page 9 of the Judgment and that the amount is the result of various offsets and credits. We disagree with

*4. MODIFICATION OF PREVIOUSLY ORDERED FAMILY SUPPORT TO RESPONDENT PRIOR TO 12/20/92*

IT IS FURTHER ORDERED that the Court does hereby modify the order of December 6, 1990, and does hereby order that family support payable by Petitioner [Defendant] to Respondent [Plaintiff] in the sum of TWO THOUSAND THREE HUNDRED FIFTY–FOUR AND NO/100 DOLLARS ($2,354.0) [sic] per month with credit given for all amounts previously paid. **This family support order is hereby modified as of January 1, 1993, as set forth above in *CHILD SUPPORT*.** The additional sums owed by Petitioner [Defendant] **(before credits)** over the above previously ordered family support of $1,070 per month are as follows:

| | | |
|---|---|---|
| December | 1990: | $ 1,284 |
| | 1991: | $15,408 |
| | 1992: | $15,408 |
| | 1993–4: | $10,784 |
| **TOTAL:** | | **$42,884** |

Judgment After Trial on Reserved Issues at 5–6 (emphasis added). The clarity of the Judgment speaks for itself. The bankruptcy court's interpretation is consistent with the state court's findings as explained in the Judgment. Therefore, we affirm the bankruptcy court's holding that $42,884 of the Judgment was nondischargeable under § 523(a)(5).[15]

**C. The Bankruptcy Court Did Not Err In Allocating The Burdens Of Proof Under § 523(a)(15)(A) And (B) To The Defendant (Debtor).**

The bankruptcy court held that, with respect to the § 523(a)(15) cause of action, Plaintiff's prima facie case is established by demonstrating that the debt was incurred by

Defendant. The chart on page 9 of the Judgment does list the $42,884 as "credits to wife for unpaid child support & spousal support." *See* Judgment After Trial on Reserved Issues at 9. However, earlier in the Judgment, the state court makes very clear how it arrived at that figure. As noted, the bankruptcy court did not commit reversible error for treating this credit as support even though the family court ultimately allocated this support obligation with other property settlements.

Defendant in the course of a divorce proceeding, was imposed by a court of record in that proceeding, and did not qualify under § 523(a)(5). *See Jodoin*, 196 B.R. at 852. With respect to the remaining $1,198 of the Judgment,[16] the bankruptcy court found that Plaintiff proved these elements of her prima facie case. *Id.* at 852–53.

The bankruptcy court then addressed whether Plaintiff or Defendant had the burden of proof (meaning both the burden of going forward with the evidence and the burden of persuasion) regarding Defendant's ability to pay the $1,198 [17] and the weighing of detriment in discharging the $1,198 between Plaintiff and Defendant.[18]

Following the majority of courts that have examined this issue, the bankruptcy court held that Defendant had the burden of proof as to both the Ability to Pay and Detriment tests. *See e.g., Wynn v. Wynn*, 205 B.R. 97, 101 (Bankr.N.D.Ohio 1997); *Bodily v. Morris (In re Morris)*, 193 B.R. 949, 952 (Bankr. S.D.Cal.1996); *Collins v. Florez (In re Florez)*, 191 B.R. 112, 115 (Bankr.N.D.Ill.1995). *See also Straub v. Straub (In re Straub)*, 192 B.R. 522, 527 (Bankr.D.N.D.1996) (stating that § 523(a)(15) establishes a rebuttable presumption); *Slover v. Slover (In re Slover)*, 191 B.R. 886, 891 (Bankr.E.D.Okla. 1996) (same). However, many courts have examined the issue and held that the creditor bears the burden of proof with respect to these tests. *See Dressler v. Dressler (In re Dressler)*, 194 B.R. 290, 302–03 (Bankr.D.R.I. 1996); *Kessler v. Butler (In re Butler)*, 186

B.R. 371, 373 (Bankr.D.Vt.1995); *Marquis v. Marquis (In re Marquis)*, 203 B.R. 844, 847 (Bankr.D.Me.1997).[19]

For us, this is an issue of first impression. Courts agree that, in order to further the policy of providing debtors with a fresh start, objections to discharge are construed narrowly. *See e.g., Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1281 (9th Cir.1996); *Century 21 Balfour Real Estate v. Menna (In re Menna)*, 16 F.3d 7, 8 (1st Cir.1994); *Gleason v. Thaw*, 236 U.S. 558, 561, 35 S.Ct. 287, 288–89, 59 L.Ed. 717 (1915). However, § 523(a)(15) contains no express burden of proof allocation. The Federal Rules of Bankruptcy Procedure also provide no guidance. *Accord* Fed.R.Bankr.P. 4005 (burden of proof is on party objecting to discharge under § 727). Additionally, a review of the legislative history of § 523(a)(15) sheds no light on the issue. *See* H.R.Rep. No. 103–835, at 54 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3363.

This issue has generated a great deal of discussion and confusion at the trial court level. To sum up the situation, three approaches have surfaced: the majority view which places the burden of proof on the debtor; the minority view which has the creditor proving everything; and a bifurcated approach which has the debtor bearing the burden on the Ability to Pay test and the creditor proving the Detriment test.[20] After reviewing the case law supporting these three approaches, we believe the majority

---

**16.** $44,082 (the total judgment)—$42,884 (amount nondischargeable under § 523(a)(5)) = $1,198. *See supra* note 4.

**17.** This test is set forth in subsection (A) to § 523(a)(15) and excepts the nondischargeability of the marital debt if "the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor...." 11 U.S.C. § 523(a)(15)(A) (1994). Hereinafter, this shall be referred to as the "Ability to Pay" test.

**18.** This test is set forth in subsection (B) to § 523(a)(15) and excepts the nondischargeability of the marital debt if "discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debt-

or...." 11 U.S.C. § 523(a)(15)(B) (1994). Hereinafter, this shall be referred to as the "Detriment" test.

**19.** As the bankruptcy court and many other courts have noted, § 523(a)(15)'s awkward construction has contributed to its interpretation problems. The "use of triple negatives in [§ 523(a)(15)] has turned an otherwise well intended statute into sausage,' the growing disagreement among courts as to whether, and how, the subsection operates to alter settled principles regarding the burden of proof in creditor-initiated dischargeability disputes threatens to make it hash." *Dressler*, 194 B.R. at 301 (quoting *Butler*, 186 B.R. at 373) (cititation omitted).

**20.** *See Collins v. Hesson (In re Hesson)*, 190 B.R. 229, 238 (Bankr.D.Md.1995) (providing an indepth analysis of the bifurcated approach).

view represents the most appropriate allocation of the burden of proof between the debtor and creditor. "That is, once the Plaintiff demonstrates that the Debtor incurred the debt in connection with divorce, the burden shifts to the Debtor to prove subsections (A) and (B)." *Morris,* 193 B.R. at 952; *see also Hill v. Hill (In re Hill),* 184 B.R. 750, 753 (Bankr.N.D.Ill.1995). The word "unless" just prior to the subsections is crucial to this finding. It creates an exception within an exception.

With the passage of § 523(a)(15), Congress clearly intended that it was appropriate, in addition to excepting support and alimony under § 523(a)(5), to except from discharge other debts arising out of a divorce or separation decree. However, within that exception, Congress decided to create two exceptions to the nondischargeability of the (a)(15) debt "if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents.... The debt will also be discharged if the benefit to the debtor of discharging it outweighs the harm to the obligee." *See* H.R.Rep. No. 103–835, at 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3363; 140 Cong. Rec. H10770 (daily ed. Oct. 4, 1994) (statement of Rep. Brooks).

In finding that the debtor has the burden of proof, some courts hold that § 523(a)(15) creates a rebuttable presumption that the marital debt is nondischargeable unless the debtor can prove otherwise. Others hold that the Ability to Pay and Detriment tests are in the nature of affirmative defenses. Many courts have looked to decisions interpreting § 523(a)(8) where the courts have

imposed the burden of demonstrating undue hardship in paying student loans on the debtor. In this instance, § 523(a)(15) is similar to § 523(a)(8).[21] "Certain subsections of Section 523, however, require the debtor to bear the burden of demonstrating circumstances meriting the dischargeability of a particular debt. This is true, for instance, in cases where the debtor seeks to discharge a student loan and must carry the burden of demonstrating undue hardship." *Hill,* 184 B.R. at 753.

Several of the cases which have maintained that § 523(a)(15)'s subsections do not shift the burden of proof on to the debtor have relied heavily on dicta in *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), and the perception that the creditor has the burden of proof for all purposes in § 523(a). *See, e.g, Butler,* 186 B.R. at 373. However, a careful review of *Grogan* indicates that it is silent on this issue. *Grogan* dealt solely with the burden of proof that a party is required to demonstrate to the court in order to be successful in a nondischargeability action. *Grogan,* 498 U.S. at 281, 111 S.Ct. at 656 (The "question in this case is whether the statute requires a defrauded creditor to prove his claim by clear and convincing evidence [versus a preponderance of evidence standard] in order to preserve it from discharge."). *Grogan* did not address the issue of the allocation of the burden of proof between the parties. *Grogan* does not endorse any position on this issue.[22]

Accepting that the subsections effectively create exceptions to the exception of debt dischargeability, we turn to existing law to answer the question as to the proper alloca-

---

**21.** Section 528(a)(8) makes student loans nondischargeable unless the debt is over seven years old, absent deferment periods, or nondischargeability would be an undue hardship on the debtor. *See* 11 U.S.C. § 523(a)(8) (1994); *see also Butler,* 186 B.R. at 374. Under § 523(a)(8), debtor has the burden of proving that not discharging the debt would result in an undue hardship to him. *See Bachner v. Illinois (In re Bachner),* 165 B.R. 875, 880 (Bankr.N.D.Ill.1994); *Berthiaume v. Pennsylvania Higher Education Assistance Authority (In re Berthiaume),* 138 B.R. 516, 520 (Bankr.W.D.Ky.1992); *Evans v. Higher Education Assistance Foundation (In re Evans),* 131 B.R. 372, 374 (Bankr.S.D.Ohio 1991).

**22.** In fact, there is dicta in *Grogan* that suggests that we should not give overriding preference to the "fresh start" policy of the debtor:

The statutory provisions governing nondischargeability reflect a congressional decision to exclude from the general policy of discharge certain categories of debts—such as child support, alimony, and certain unpaid educational loans and taxes, as well as liabilities for fraud. **Congress evidently concluded that the creditors' interest in recovering full payment of debts in these categories outweighed the debtors' interest in a complete fresh start.**

*Grogan,* 498 U.S. at 287, 111 S.Ct. at 650–60 (emphasis added).

tion of the burden of proof. In *Hill v. Smith*, 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419 (1923), the Supreme Court held that the party claiming the exception to a statutory provision is required to prove the exception. *Id.* at 595, 43 S.Ct. at 220. In *Hill*, the debtor raised his discharge in bankruptcy as a defense to a claim. The plaintiff rebutted that the debtor had failed to list the creditor on his schedules. The debtor asked the trial court to rule that the plaintiff had the burden of proving that he did not receive notice of the debtor's bankruptcy. *Id.* at 593, 43 S.Ct. at 219. This was important because the debtor's discharge would not be good as to the plaintiff's unscheduled claim unless the plaintiff had notice or actual knowledge of the bankruptcy. The Court stated:

> [T]here is an exception to the exception, 'unless the creditor had notice,' etc., and, by the same principle if the debtor would get the benefit of that he must offer evidence to show his right. We agree with the Court below that justice and the purpose of the section justify the technical rule that if the debtor would avoid the effect of his omission of a creditor's name from his schedules he must prove the facts upon which he relies.

*Id.* at 595, 43 S.Ct. at 220. *See also Stone v. Stone (In re Stone)*, 199 B.R. 753, 780 (Bankr.N.D.Ala.1996) ("[T]he burdens of proof on the debtor for Ability to Pay and Detriment is the 'exception within an exception' principle which has been used in the § 523(a)(8)(B) context to place the burden of undue hardship on the debtor.").

Accordingly, *Hill* is analogous to the exception to an exception situation here. Congress has excepted from discharge non-sup-port and non-alimony marital debts under § 523(a)(15). However, within that exception, it has excepted certain debts from nondischargeability if either the Ability to Pay or Detriment test is met. Consistent with *Hill*, the debtor has the burden of proof to come forward with evidence to establish the viability of either test. Accordingly, we hold that Defendant had the burden of proof on the Ability to Pay and Detriment tests, and the bankruptcy court was correct in imposing this burden of proof on Defendant.

**D. The Bankruptcy Court Did Not Err In Finding That Defendant Had The Ability To Pay $1,198 Under § 523(a)(15)(A) And That The Benefits To Defendant In Discharging This Debt Did Not Outweigh The Detrimental Consequences To Plaintiff Under § 523(a)(15)(B).**

Defendant argues that it was erroneous for the bankruptcy court to hold that Defendant had the ability to pay the Judgment under § 523(a)(2)(A).[23] Additionally, Defendant asserts that even if he did have the ability to pay the Judgment, the bankruptcy court erred in ruling that the benefit to Defendant of discharging the $1,198 did not outweigh the detriment to Plaintiff.[24] Before analyzing Defendant's arguments, we must establish the proper standards for applying § 523(a)(15)'s subsections.

*1. For The Ability To Pay Test And Detriment Test. The Court Must Look At The Parties' Relevant Financial Information As Of The Time Of Trial.*

██ There has been significant disagreement among the bankruptcy courts as to the appropriate point in time for applying the

---

**23.** The bankruptcy court actually held that Defendant had the ability to pay the entire Judgment ($44,082). The bankruptcy court reached this conclusion so that even if its decision that $42,884 was nondischargeable under § 523(a)(5) was overturned the entire Judgment would remain nondischargeable under § 523(a)(15). *See Jodoin*, 196 B.R. at 852–53; Judgment of the Bankruptcy Court at 2. Because we affirm the bankruptcy court's § 523(a)(5) finding, we only need examine whether it was correct for the bankruptcy court to hold $1,198 of the Judgment nondischargeable under § 523(a)(15).

**24.** Courts are generally in agreement that § 523(a)(15)'s subsections present a two-prong test. First, the court must examine debtor's ability to pay. If debtor does not have the ability to pay, the debt is discharged. Only if debtor has the ability to pay does the court then turn to § 523(a)(15)(B) and measure whether the benefit of giving the discharge to the debtor outweighs the detriment that such discharge would cause the nondebtor spouse. *See, e.g., Anthony v. Anthony (In re Anthony)*, 190 B.R. 433, 438 (Bankr. N.D.Ala.1995); *Becker v. Becker (In re Becker)*, 185 B.R. 567, 570 (Bankr.W.D.Mo.1995); *Butler*, 186 B.R. at 371.

Ability to Pay and Detriment tests.[25] Here, in applying the Ability to Pay and Detriment tests, the bankruptcy court looked at the parties' relevant financial information as of the time of trial. *See Jodoin*, 196 B.R. at 854. We agree with the bankruptcy court that the appropriate time to apply the Ability to Pay and Detriment tests is at the time of trial and not at the time of the filing of the petition.

As the *Dressler* court noted:

Unlike § 523(a)(5)'s 'rear view mirror' analysis, § 523(a)(15) instructs us to look out the windows. It calls for a 'current circumstances' review of non-support divorce obligations and the consequences of discharge upon them.

*Dressler*, 194 B.R. at 300. The language of § 523(a)(15)'s subsections does not indicate that the analysis should be made from some other point of reference. A common sense reading of the statute supports the interpretation delineated in *Dressler*. "This is not a historical search, but . . . is an examination of current circumstances. . . . Use of a time substantially before the trial date could produce a silly result that mocks congressional intent." *Collins*, 190 B.R. at 238.[26]

### 2. The Primary Test For Measuring A Debtor's Ability To Pay Is The "Disposable Income" Test.

We also agree with the bankruptcy court that the "disposable income" test that is delineated in Code § 1325(b) provides an excellent starting point for measuring a debtor's ability to pay under § 523(a)(15)(B). *See* 11 U.S.C. § 1325(b)(2) (1994).[27] Some courts have been reluctant to use this test in the divorce situation where parties have been known to sacrifice their own financial well-being to spite their ex-spouse. However, a proper application of the test should take into account the prospective income that the debtor should earn and the debtor's reasonable expenses. *See Dressler*, 194 B.R. at 304 (citing *In re Cardillo*, 170 B.R. 490, 491 (Bankr.D.N.H.1994)) ("[W]hat funds are available to the debtor to pay the obligation after deducting 'reasonably necessary' expenses."). These types of adjustments are appropriate and should not cause courts to reject the disposable income test as an excellent reference point.[28]

### 3. The Bankruptcy Court Properly Held The $1,199 Nondischargeable.

In determining that the remaining $1,198 of the Judgment was nondischargeable the bankruptcy court stated:

The court is not persuaded by a preponderance of the evidence that the debtor in this adversary proceeding lacks the ability to pay a debt of less than $44,082. He is employed at an annual salary of $125,000,

---

25. *See Taylor v. Taylor (In re Taylor)*, 191 B.R. 760, 765 (Bankr.N.D.Ill.1996) (noting the split of authority on this issue); *Anthony*, 190 B.R. at 438 (stating that the relevant time of inquiry is the filing of the petition, but the court must also evaluate changes in the debtor's economic position); *Becker*, 185 B.R. at 570 (same); *Carroll v. Carroll (In re Carroll)*, 187 B.R. 197, 200 (Bankr. S.D.Ohio 1995) (holding relevant time period is the filing of the bankruptcy).

26. *See also Schmitt v. Eubanks (In re Schmitt)*, 197 B.R. 312, 316 (Bankr.W.D.Ark.1996) (viewing debtor's ability to pay at the time of trial because it allows a more informed analysis of changed events and the benefits of a fresh start); *Morris*, 193 B.R. at 952–53 (benefits of the "fresh start" are not always immediately obvious; therefore, measuring from the time of trial provided a more accurate assessment of the parties' circumstances); *Becker*, 185 B.R. at 570. *But see, Taylor*, 191 B.R. at 765; *Carroll*, 187 B.R. at 200; *Hill*, 184 B.R. at 754.

27. Section 1325(b)(2) states:

For the purposes of the subsection, 'disposable income' means income which is received by the debtor and which is not reasonably necessary to be expended—
(A) for the maintenance or support of the debtor or a dependent of the debtor; and
(B) if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.
11 U.S.C. § 1325(b)(2) (1994). *See also* 1 Lundin, *Chapter 13 Bankruptcy* § 5.31 (1st ed.1993).

28. This conclusion is in accord with most courts that have examined this issue. *See, e.g., Marquis*, 203 B.R. at 851; *Dressler*, 194 B.R. at 304; *Greenwalt v. Greenwalt (In re Greenwalt)*, 200 B.R. 909, 913 (Bankr.W.D.Wash.1996); *Cleveland v. Cleveland (In re Cleveland)*, 198 B.R. 394, 399 n. 6 (Bankr.N.D.Ga.1996); *Morris*, 197 B.R. at 236.

with an opportunity to earn more. He has the capacity to purchase a new $300,000 residence, to lease late-model premium automobiles, and to pay $500 per month in telephone bills. He has the ability to pay his former spouse and has failed, by a wide margin, to carry his burden of proof under § 523(a)(15)(A). Indeed, the evidence demonstrates by more than a preponderance that the debtor does have the ability to pay.

In considering the balancing defense under § 523(a)(15)(B), the relevant inquiry into benefit and detriment in this instance primarily focuses upon the total economic situation of the parties in their new lives....

A review of the facts set out above indicates that the plaintiff's economic resources and her capacity to earn are more limited that the debtor's.... In contrast, the benefit of the discharge to the debtor would merely facilitate a more prosperous lifestyle.

*Jodoin,* 196 B.R. at 855 (footnote omitted).

 After thoroughly reviewing the record in this case, in particular the relevant testimony of the parties from which the bankruptcy court drew its factual conclusions, we cannot conclude that the bankruptcy court erred in its holding. The evidence suggests that Defendant has the ability to pay the $1,198. Additionally, Defendant has not established by a preponderance of the evidence that holding the debt nondischargeable will create a greater detriment to Defendant than Plaintiff. Therefore, we affirm the bankruptcy court's decision holding $1,198 of the Judgment nondischargeable under § 523(a)(15).

### E. Defendant Has Waived His Right To Argue The Code § 362 Issue.

In his statement of the issues, Defendant argues that it was erroneous for the bankruptcy court to ascribe legal significance to the Judgment because the Judgment was filed by the state court after Defendant had filed bankruptcy. *See* Appellant's Br. at 1. However, Defendant does not argue this point in his brief.[29] We "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Indus.,* 797 F.2d 727, 738 (9th Cir.1986); *see also Meehan v. County of Los Angeles,* 856 F.2d 102, 105 n. 1 (9th Cir.1988) (issue not briefed by a party is deemed waived). Because of Defendant's waiver, we decline to consider this issue on appeal.

### V. CONCLUSION

Accordingly, we hold that the bankruptcy court did not err in holding that $42,884 of the Judgment was nondischargeable under § 523(a)(5), even though the Complaint only stated a cause of action under § 523(a)(15). Additionally, the bankruptcy court did not err in finding that the burden of proof on the subsections of § 523(a)(15) rests with Defendant.

Finally, the bankruptcy court did not err when it determined that Defendant had the ability to pay $1,198 of the Judgment under § 523(a)(15)(A) and that Defendant had not met his burden of proof under § 523(a)(15)(B) that any benefit received by Defendant from discharging the $1,198 did not outweigh the detriment to Plaintiff.

Accordingly, we **AFFIRM** the decision of the bankruptcy court.

---

**29.** The only reference to this argument is in a footnote. After stating in his facts that the Judgment was entered on November 28, 1994, Defendant inserts a footnote stating "[a]s a result, the Judgment is void *ab initio. Raymark Industries, Inc. v. Lai,* 973 F.2d 1125, 1131 (3d Cir.1992)." Appellant's Br. at 8.

To the extent that this can be considered an argument, it is unclear from the record whether the Judgment was fully decided prepetition and simply entered postpetition or whether the family court actually litigated the Judgment postpetition. Defendant (appellant) does not address this issue. Failure to include or address all relevant evidence in the record on appeal is sufficient reason alone to affirm the lower's court's factual conclusions. *See Kritt v. Kritt (In re Kritt),* 190 B.R. 382, 386-87 (9th Cir. BAP 1995); *Moffat v. Habberbush (In re Habberbush),* 119 B.R. 201, 206 n. 6 (9th Cir. BAP 1990).