In re Jack P. BRENNICK, Debtor.

Joyce F. BRENNICK, pro se, Plaintiff,

v.

Jack P. BRENNICK, pro se, Defendant.

Bankruptcy No. 95–13065–JEY.
Adv. No. 96–1057–JEY.

United States Bankruptcy Court,
D. New Hampshire.

May 5, 1997.

Joyce Brennick, Minot, MA, pro se.

Jack P. Brennick, Wolfeboro Falls, NH, pro se.

Jeffrey Schreiber, Schreiber & Associates, Danvers, MA, trustee.

### ORDER DEFERRING AND RE–SETTING TRIAL

JAMES E. YACOS, Bankruptcy Judge.

This case involves the complex interplay between the federal bankruptcy courts and the state divorce courts in dealing with marital debts established under a divorce decree as affected by the recent enactment of Section 523(a)(15) of the Bankruptcy Code.

The plaintiff in this adversary proceeding, Joyce F. Brennick, a creditor and the ex-wife of the debtor/defendant, sought a determination that the debts owing to her are nondischargeable as alimony, maintenance, or support payments to a spouse or children

pursuant to Section 523(a)(5) of the Bankruptcy Code or, alternatively, as divorce obligations not subject to one of the two exceptions set forth in Section 523(a)(15). This adversary proceeding was bifurcated into two parts: (1) a determination of the dischargeability of certain of the divorce obligations under Section 523(a)(5) by summary adjudication, which the Court did by "Order on Cross Motions for Summary Judgment" dated January 22, 1997 (Adv.Doc. No. 17); and (2) a determination of the dischargeability of the remaining obligations under Section 523(a)(15) of the Code.

The Court, in its Order of January 22, 1997, determined that the following obligations owing by the debtor under the divorce decree constituted nondischargeable alimony, maintenance, or support obligations:

a. Child support in the amount of $700.00 per week, as outlined in Exhibit F of the Separation Agreement;

b. Actually-incurred expenses for the children's education (pre-college), as outlined in Exhibit F of the Separation Agreement;

c. Actually-incurred expenses for the college education of the children, as outlined in Exhibit F of the Separation Agreement;

d. $1,754.52 per month, as outlined in Exhibit H of the Separation Agreement and referred to as "Expenses Related to Support of Wife and Children";

e. Medical and dental insurance coverage and uninsured medical and dental costs, as outlined in Exhibit G of the Separation Agreement;

f. Debtor's obligation to provide, by purchase, a house for the wife and children for a total cost of at least $725,000.00, which the debtor may purchase in cash or may finance a portion of the purchase; and

g. Debtor's obligation to purchase for the wife and children an automobile in the amount of approximately $30,000.00, and the debtor's obligation to pay the purchase price either by cash or financing.

It was then provided that the dischargeability of all other marital debts stemming from the divorce decree would be left for resolution at a subsequent evidentiary trial.

The Court *sua sponte* brought the adversary proceeding back before the Court on April 23, 1997 for a further pretrial hearing. The Court required the further pretrial hearing because both parties' attorneys have withdrawn from representation in this adversary proceeding and the parties. are therefore proceeding *pro se* as to any further matters. The Court had also been made aware that the debtor was seeking modification of his nondischargeable alimony, maintenance, and support obligations in the state court.

The Court had previously scheduled the determination of the dischargeability of the remaining obligations under Section 523(a)(15) for a two-day trial on August 11 and 12, 1997. However, in view of the debtor/defendant's reopening of the state divorce court proceedings and his request for modification of his divorce obligations, which the Court is advised is scheduled for a two-day trial on December 8 and 9, 1997, the Court has determined that it would be inefficient to proceed with a trial in this Court on the issues under Section 523(a)(15), because the decision of the Massachusetts state divorce court in accordance with the debtor's request for modification of the divorce obligations may render further proceedings in this Court moot or may affect an appropriate determination in this Court of any true Section 523(a)(15) issues.

As noted above, Section 523(a)(5) of the Code makes alimony, maintenance, and support payments nondischargeable. Section 523(a)(15) then provides for the nondischargeability of divorce obligations that are "not of the kind described in [Section 523(a)(5)]" unless:

(A) "the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . .; or

(B) discharging such debt would result in a benefit to the debtor that outweighs

the detrimental consequences to a spouse, former spouse or child of the debtor[.]"

11 U.S.C. § 523(a)(15).

■ This convoluted language[1] means that once divorce obligations are determined to be nondischargeable alimony, maintenance, or support under Section 523(a)(5), the dischargeability/nondischargeability *of those obligations* cannot be relitigated under Section 523(a)(15). The state divorce court can revisit and modify the obligations that have been determined by this Court to be nondischargeable alimony, maintenance, or support, but all other obligations under the parties' separation agreement and divorce judgment are subject to the exclusive jurisdiction[2] of this Court for determination of their dischargeability under Section 523(a)(15) of the Bankruptcy Code.

■ Deciding a case under Section 523(a)(15) begins with a presumption that the remaining obligations are nondischargeable, *see In re McCartin,* 204 B.R. 647, 653 (Bankr.D.Mass.1996) and cases cited therein, which can be rebutted if it can be shown that either the debtor lacks the ability to pay these debts, or that the benefit to the debtor outweighs the detriment to the nondebtor if these debts are discharged. However, whether the debtor lacks the ability to repay, or what the balance of harms will be, may be affected by any modification of the nondischargeable alimony, maintenance, and support obligations that may occur in the state court. *Cf. In re Adie,* 197 B.R. 8 (Bankr. D.N.H.1996). Accordingly, this Court deems it imprudent and inefficient to proceed with

the bankruptcy trial under Section 523(a)(15) when there is a scheduled trial in the state court upon the debtor's request for modification of his nondischargeable alimony, maintenance, and support obligations.

This decision is limited to the facts presented, i.e., a situation in which the debtor has elected to move for modification of the nondischargeable alimony, maintenance, and support obligations in the state court while a Section 523(a)(15) matter is pending in this Court. A more difficult question may be presented in other procedural contexts. After all, it can be said that the state court itself may need to know whether the "other debts" stemming from the divorce decree will or will not be finally discharged by the bankruptcy court before deciding whether modification of the alimony, maintenance, and support obligations is appropriate.[3] In the present case, however, it does not appear that the "other debts" are the major factor in this equation that they might be in another case.

This Court will therefore continue this adversary proceeding for one year in the event that the parties need resolution of the dischargeability of any divorce debts other than alimony, maintenance, and support obligations, and in order to allow any further determinations by this Court to be conducted after any modification of the debtor's alimony, maintenance, and support obligations by the state divorce court.

In accordance with the foregoing, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

> (B) The benefit to the debtor if the marital debts covered by this subsection are discharged outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor."

2. *Bankruptcy Code,* Section 523(c).

3. Whether there is any escape from the statutory conundrum of circularity created by Section 523(a)(15) in this regard is left for another day. It may be that the best the bankruptcy courts can do is resolve each case in terms of the specific facts in issue in the particular divorce.

---

1. "The use of triple negatives in this subsection has turned an otherwise well intended statute into a sausage." *In re Butler,* 186 B.R. 371, 373 (Bankr.D.Vt.1995). As a former bill-drafter the undersigned judge would add that "it could have been done better" by drafting subsection (a)(15) in a positive mode:
   "Marital debts other than those for alimony, support, or maintenance covered by subsection (a)(5) are nondischargeable unless one of the following exceptions applies:
   (A) The debtor has no ability to pay such debts after excluding income or property of the debtor reasonably necessary for the maintenance or support of the debtor or a dependent of the debtor ...; or

1. The trial scheduled in this matter for August 11 and 12, 1997 is *cancelled.*

2. The Court will forego conducting any further proceedings in this matter for one year in the belief that the parties' proceedings in the state divorce court may render any proceedings in this Court moot or will present any remaining disputes at a more appropriate time for decision.

3. This adversary proceeding is set for a status hearing on *Thursday, April 23, 1998* commencing at *11:00 a.m.* in the Bankruptcy Courtroom, 4th Floor, Norris Cotton Federal Building, 275 Chestnut Street, Manchester, New Hampshire, at which time the Court will determine whether there are further undetermined issues that the parties may present to the Bankruptcy Court for resolution, failing which this adversary proceeding will be dismissed. If the matter is to go forward at that time, the plaintiff will be required then to file an amended complaint setting forth only those specific debts which may be subject to a Section 523(a)(15) nondischargeability determination, taking into consideration the effects of any intervening modification of the divorce decree by the state court.