**In re Eric A. HENRIKSON, Debtor.**

**Robin Buchanan, Plaintiff,**

v.

**Eric A. Henrikson, Defendant.**

**Bankruptcy No. 03–72085.**
**Adversary No. 03–7137.**

United States Bankruptcy Court,
C.D. Illinois.

Nov. 12, 2003.

Dale A. Schempp, Springfield, IL, for Debtor.

Mariann Pogge, Springfield, IL, trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This matter came before the Court for trial on October 3, 2003, on Plaintiff's

Complaint to Determine Dischargeability of Debt. At issue is whether a judgment arising out of marital dissolution proceedings ordering Defendant to pay a joint debt of the parties and his obligation to indemnify Plaintiff and hold her harmless from said debt is subject to discharge under 11 U.S.C. § 523(a)(15).

Plaintiff and Defendant were formerly wife and husband, respectively. A Judgment of Dissolution of Marriage was entered by the Circuit Court of Sangamon County, Illinois, on November 28, 1998. The Judgment incorporated a Marital Settlement Agreement entered into by the parties. Section III, Paragraph 1 of the Marital Settlement Agreement states that "Husband shall pay the following debts and will not at any time hold Wife responsible for them, and shall indemnify Wife from liability on same: Mastercard—Acct. 5411 1790 0128 7139...." Defendant made payments on the Mastercard debt for several years. Defendant filed his voluntary petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on April 23, 2003. Plaintiff filed her Complaint to Determine Dischargeability of Debt on June 5, 2003. At the time of trial on October 3, 2003, approximately $9,000 remained due and owing on the Mastercard debt.

11 U.S.C. § 523(a)(15) provides in pertinent part as follows:

(a) A discharge under section 727... of this title does not discharge an individual debtor from any debt—

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record... unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor...; or

(B) discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the spouse, former spouse, or child of the debtor(.)

To prevail under § 523(a)(15), the debt in question must be other than the type set forth in § 523(a)(5), that was awarded by a court in the course of a divorce proceeding or separation. *In re Paneras,* 195 B.R. 395, 403 (Bankr.N.D.Ill. 1996) *citing In re Silvers,* 187 B.R. 648, 649 (Bankr.W.D.Mo.1995). Once this is established (and it is not disputed in our case), the burden of proving that the debt falls within either of the two exceptions to nondischargeability rests with the debtor. *In re Crosswhite,* 148 F.3d 879, 884–85 (7th Cir.1998). Hence, once the creditor's initial proof that the claim falls under § 523(a)(15) of the Bankruptcy Code is made, the debt is excepted from discharge and the debtor is responsible for the debt unless the debtor can prove either of the two exceptions, subpart (A), the "ability to pay" test, or (B), the "detriment" test. *Id.,* 148 F.3d at 885.

If the debtor can show the inability to pay the debt, the examination stops and the debtor prevails. The debt will remain dischargeable if paying the debt would reduce the debtor's income below that necessary for the support of the debtor and the debtor's dependents. *In re Hill,* 184 B.R. 750, 754 (Bankr.N.D.Ill.1995). However, if the debtor can afford to make the payment, either in a lump sum or in installments over time, then the inquiry proceeds to § 523(a)(15)(B) where the debtor has the burden to show that the benefit to the debtor from not having to pay the debt at issue is greater than the detrimental ef-

fects on the creditor—his spouse, former spouse, or child—who then must pay the debt. *In re Crosswhite, supra,* 148 F.3d at 885.

■ In this case, Defendant and his current spouse bring home approximately $2,967 per month. According to Defendant's Affidavit of Income and Expenses, his monthly household expenses total $2,666. Accordingly, by Defendant's own calculation, he has the ability to pay $300 per month toward the subject indebtedness, which is a surplus substantial enough that the debt could be repaid in full over the course of several years. Thus, the Defendant, having the ability to pay the indebtedness in installments, has failed to establish a nondischargeability exception under § 523(a)(15)(A), and the inquiry proceeds to the "detriment" test of § 523(a)(15)(B).

■ Through the alternate provision of § 523(a)(15)(B), debtors who fail to prove a nondischargeability exception under § 523(a)(15)(A) may still have such debts deemed dischargeable if doing so "would result in a benefit to the debtor that outweighs the detrimental consequences to the spouse, former spouse, or child of the debtor." 11 U.S.C. § 523(a)(15)(B). Given the nature of its inquiry, courts evaluate a number of factors in making an evaluation under § 523(a)(15)(B). Primarily, the income and expenses of each party, the nature of the debt in question, and the former spouse's ability to pay are among the relevant factors for examination. *In re Hill, supra,* 184 B.R. at 755; *see also In re Smither,* 194 B.R. 102, 111 (Bankr. W.D.Ky.1996) (where the court offered a non-exclusive list of eleven factors to consider).

In this case, Plaintiff and her current spouse bring home approximately $4,004 per month. The household income is also augmented by the receipt of $500 per month child support. The 2002 federal income tax return also suggests that Plaintiff and her spouse are substantially over-withholding federal income taxes inasmuch as their 2002 federal income tax refund was slightly over $3,000. However, Plaintiff's monthly household expenses total approximately $4,210, and monthly payments on outstanding indebtedness (excluding items included in monthly household expenses) total approximately $1,258. Accordingly, Plaintiff and her husband are running a deficit each month.

This is a close case. Defendant has the ability to repay the indebtedness over time, but his family earns less and lives more frugally that Plaintiff and her family. Plaintiff's household budget runs a deficit each month, but there is certainly more money coming in to support a household of similar size and composition. On balance, though, the Court finds that the equities favor the Plaintiff. This is not one of those cases where the Plaintiff would suffer little or no detriment from the Defendant's nonpayment of an obligation because of her excess income. *Cf. Taylor v. Taylor,* 199 B.R. 37, 42 (N.D.Ill.1996) (debt of $60,000 deemed dischargeable under § 523(a)(15)(B) where non-debtor spouse's net disposable income was expected to be in excess of $750,000). This is also not one of those cases where the Plaintiff would suffer little or no detriment from the Defendant's nonpayment because, for whatever reason, the debt could not ultimately be collected from her. *See* H.Rep. No. 103–835, 103rd Cong., 2nd Sess. 54, *reprinted in* 1994 U.S.Code Cong. & Admin. News 3363. The subject debt is a joint marital debt, and the creditor can pursue Plaintiff for collection of the debt. Finally, the Defendant has had the benefit of a discharge in bankruptcy, which has allowed him to discharge over $16,000 in unsecured

debt. In contrast, Plaintiff's household has approximately $150,000 in secured and unsecured household debt to service. Under these circumstances, the equities favor requiring Defendant to repay a marital debt which he promised to pay and which he has the ability to repay.

Inasmuch as the burden of proof is upon Defendant to show that the benefits to him of discharging the subject debt outweigh the detriments to Plaintiff of having the debt deemed nondischargeable, the Court finds that the Defendant has failed to meet his burden. Accordingly, the Court finds the subject debt nondischargeable under 11 U.S.C. § 523(a)(15).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.